## No. 6488.

### CHARLES MARIN ET AL. VS. SHERIFF AND CITY OF NEW ORLEANS.

Property can not be seized under a *fi. fa.* and sold to satisfy a judgment for taxes, when the property indicated in the judgment, writ of execution, and advertisement, is merely described as a certain number of lots, in a certain square, between certain streets. Such a description is too vague to identify the property.

Writs of *fieri facias*, issued under a judgment for taxes, are not returnable within the delay prescribed for ordinary writs of *fi. fa.*, but remain in force until satisfied, or ordered to be returned by competent authority.

The purchaser of property against which no debt for taxes is registered, buys it free from all liens for taxes. Such property is not liable to be seized to satisfy a judgment against its former owner, for taxes which had accrued before he sold it.

APPEAL from the Superior District Court, parish of Orleans. *Lynch, J.*

*Charles Louque* for plaintiffs and appellants.

*Sam P. Blanc* for defendants and appellees.

The opinion of the court on the original hearing was delivered by EGAN, J., and on the rehearing by DEBLANC, J.

EGAN, J. The sheriff of the parish of Orleans being about to sell

for the payment of taxes, alleged to be due to the city of New Orleans, certain lots of ground, the property of the plaintiffs, they enjoined the sale upon various grounds, among which are that the taxes were assessed and judgments rendered against one M. A. Peyroux, claimed by the city but denied by the plaintiffs to have been a former owner of the property, and that there was no registry of any tax or other lien affecting the property at the time of their purchase and that of their vendors; that the city can not seize their property under *fieri facias* issued upon a judgment against a third person; that the description of the property is *insufficient and not such as to determine its location*, and that no notice of seizure was ever served either upon the plaintiffs or the debtor in execution, M. A. Peyroux. The several judgments were all obtained in the usual manner for the enforcement of the collection of city taxes, upon filing the tax lists, which also appear in the record, and were with a single exception all rendered as well as the property assessed against M. A. Peyroux. That exception was an assessment and judgment against Jules Casnard, one of the plaintiffs in injunction. As the seizure in this case is of the property of the judgment and tax debtor, and is not therefore liable to the most important objections raised to those in the other cases, we will consider it first.

The judgment recognizes a "lien and privilege" upon the property described in the tax rolls and bills or claims on file." That description which is identical with that in the seizure and advertisement is as follows: "Assessment district 7, square 373, between St. Ann, Main, White, Dupré—2 corners, 9 lots 28.2 x100, 132x141, 4 126x141, 6 188x100, under the head of description of real estate. It will be at once apparent that this description is too loose and unsatisfactory for the purpose of assessment, recognition of lien and privilege, seizure, advertisement, or sale; and that the property could not be located or identified by it. So many lots in such a square between certain streets, without giving their respective numbers, is really no description. This objection would have been fatal to recovery had it been urged before judgment. As it was not we can only consider it as affecting the tax lien and the proceedings to enforce the judgment, as to which it is well taken. The plaintiff Casnard also alleges as one of the grounds of injunction that the writ had expired and was not in force when the seizure was made, and none of the forms of law had been observed in making the seizure. The writ issued on the twenty-fifth of November, 1873. The sheriff's return shows it was "received December 1, 1873, and levied," but does not state when the levy took place. The return further shows that on the twenty-first of May, 1875, the property was advertised to be sold on the twenty-third day of June, 1875, and that on the twenty-third of June, 1875, further proceedings under the writ were stopped by injunction. Nothing

is said in the return of the sheriff having returned the original writ and retained a copy, nor does any copy or other subsequent writ appear in the record. We think the injunction must be sustained on these grounds also, and that there was no valid subsisting seizure, and could be no valid sale of the property of Jules Casnard under the judgment against him. All the other assessments and judgments, as before stated, were against M. A. Peyroux, claimed by the city to have been a former owner of the property seized. Equal or very nearly equal looseness and insufficiency in the description of property pervades them also, and the proceeding under them; but without reference to this and other grounds of objection and injunction, it suffices to say that the record fails to disclose any registry of the tax list or other registry to preserve the tax lien or even of the judgments against Peyroux, and that the city can not proceed under execution against him to seize the property of the plaintiffs.

It is therefore ordered, adjudged, and decreed that the judgment of the court a qua be annulled, avoided, and reversed, and that the injunction sued out in this case be perpetuated in favor of all the plaintiffs, except Jules Casnard, and that it be also perpetuated in his favor so far as affects the particular seizure complained of. It is further ordered that the defendants pay the costs of both courts.

---

## On Rehearing.

DeBlanc, J. Our attention has been called to sec. 8 of act No. 85 of 1858, which provides: " that no alias or pluries writs of fieri facias shall be issued in any case of judgment and execution for taxes, but the first writ shall continue in force until finally satisfied, unless ordered to be returned by competent authority."

The counsel representing the city contends that the terms of that law are plain, and that the first writ remains in force until satisfied or properly returned. In this he is right, and our former opinion, based on the general law regulating the return of such writs, is hereby amended, and—in this respect—made to conform with the 8th section of the act of 1858.

" Registry, it is said, is the only notice of title the assessors must heed." Reference to the public archives is one of the means of ascertaining the title to and description of immovables subject to assessment, but it is not the only one. The law is imperative: the assessor must— by diligent inquiry—ascertain the names of all the inhabitants of their respective parishes, whether taxable for licenses or for property, or on both, and also all the taxable property within the same.

Rev. Statutes, sec. 24.

Marin et al. vs. Sheriff and City of New Orleans.

In this case, the property seized for taxes was not seized from the real owners, nor for taxes due by them, but under a judgment obtained against another party, and without notice to those who—at the date of and before any attempt to execute that unrecorded judgment—held a clear and valid title to the property levied upon.

Nor is this all: in its assessment, the description of the property is so loose, incomplete and defective, that—under a sale based on that assessment—no title could have been divested, no purchaser placed in possession of the property now owned and possessed by plaintiffs.

The counsel for the city contends that the conveyance from the former to the present owners of the property so assessed was made before and without payment of the taxes due on the transferred property, and that no one should be allowed to ask relief from taxes by virtue of a conveyance made contrary to the provisions of a prohibitory law. The answer to this is that the record does not disclose any registry of the tax-list or other registry to preserve the tax lien.

It is, therefore, ordered that our first decree remain undisturbed.