### No. 6702.

### BREAUX, FENNER & HALL vs. JUSTUS FRANCKE.

In fixing the compensation for the professional services of a lawyer in any particular case, there are two considerations which will determine the judgment of this court. One is the amount and character of the work done, and the other is the ability of the debtor to pay.

The fees due the lawyer for successfully defending a wife in a suit of her interdiction brought by her husband, are a debt for the community.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*Breaux, Fenner & Hall* and *John Finney* for plaintiffs and appellees. *J. L. Tissot* and *Thos. Gilmore & Sons* for defendants.

The opinion of the court on the original hearing was delivered by DeBLANC, J., and on the rehearing by MANNING, C. J.

DeBLANC, J. In 1876, on the thirty-first of January, the defendant

Breaux, Fenner & Hall vs. Francke.

—now dead—brought suit to interdict his wife. In that suit, finally decided by this court in April last, Mrs. Francke was represented by plaintiffs, attorneys and counsellors-at-law, who, for their professional services, claimed against defendant, and now claim against his succession, the sum of $2500.

From the decree allowing their demand, the executors of defendant's last will have appealed. They contend that the amount allowed is excessive and should be reduced to $750. They invoke the established rule that we can fix the value of services rendered by attorneys and evidenced by the record, without reference to the opinion and utterances of witnesses.

The intrinsic value of professional services — of those services which tend to protect life, liberty, reputation or property, is not to be measured by the client's standing or his ability to pay, but by their character and importance, the nature and the difficulties of the litigation, the advantages to be gained or lost by its result, the researches to be made, the time and care to be given, the obstacles to be overcome, the intellectual exertion required to unmask pretension and expose errors honestly asserted and earnestly sustained by experience and talent.

The humble and the poor—whose life and liberty, whose reputation or property is imperilled, attach as much importance to their protection as does the proud or the wealthy, and the sum of material and intellectual labor required to defend the first, is never less and often more than that required to defend the latter. When the service has been rendered, its value is commensurate with the service itself: the compensation alone, though unequal to the labor, must be measured to the client's financial condition.

Considering, as we do, the time and attention which must have been bestowed on a memorable cause, the judicial battle fought on different fields, the adjudication of a respected court, based on the estimates of honorable witnesses; remembering that part of plaintiffs' task performed in our presence and before this tribunal, we are not inclined to underrate the services which we are called upon to value.

What should have been and what should be allowed? From the pleadings, the facts disclosed on the trial, the printed and oral arguments, the authorities cited, we can justly presume that—at intervals—a considerable portion of the valuable time of the plaintiffs must have been consecrated to the preparation of the defence in the interdiction suit, and, for their personal services, they are entitled to a compensation of fifteen hundred dollars, and to whatever they have had to disburse to have their brief printed.

Is the whole of that amount due by exclusively the succession of

Francke? We believe not; that amount constitutes a debt of the community, and, as such, must be acquitted out of the common funds. R. C. C. 2403-2409. It is true that the 397th article of said Code provides "that—if the interdiction be not pronounced—the costs of the attempt to interdict shall fall on the petitioner, but those costs do not include the fees of the attorneys employed *by the party* sought to be interdicted, and could be claimed but as damages under the provisions of art 419 of the Rev. C. C.

It may be said that, without the husband's consent, no debt can be created against the community, and that inasmuch as plaintiffs have acted, not only without that consent, but in direct opposition to the husband himself, to his wishes and his demands, the community can not be held liable for their fees. This is the general rule, but, in the interdiction suit, the husband's action rendered indispensable the services of counsel, and—if the wife had not selected those by whom she was represented, it would have been the duty of the judge to name one for that purpose. A defendant in interdiction, be it a wife, is specially authorized to choose her counsel, and the latter's compensation, when he has represented the wife against the husband, should be paid by the community, unless perhaps in a case wherein it would be *alleged and proved* that the husband had acted from motives of interest or passion.

R. C. C. 419.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and that plaintiff recover of the community which heretofore existed between the late Justus Francke and Pauline Landreaux, his surviving widow, the sum of fifteen hundred thirty-nine dollars and fifty cents, with legal interest thereon from the 24th of April 1877; the costs of the appeal to be paid by plaintiffs, those of the lower court by said community.

---

## ON REHEARING.

MANNING, C. J. Two factors enter into the calculation of fees for services, such as those rendered by the plaintiffs. One is the extent and kind of service, and the labor incident to its rendition—the other is the ability of the party, who is liable, to pay.

Giving due consideration to both of them, we think the demand of the plaintiffs is reasonable, and therefore

It is ordered and adjudged that our former decree is amended by inserting therein the sum of twenty-five hundred and thirty-nine dollars and fifty cents instead of the sum therein mentioned, and as thus amended, that it be and remain the judgment of the court.