### No. 13,300.

### A. DELPIT ET AL. VS. LIZZIE YOUNG.

### SYLLABUS.

52 1071
f104 532

The fees of an attorney who represents a married woman as defendant, in a suit for the nullity of a marriage. are not costs, and can not be taxed as such against the plaintiffs, against whom judgment has been rendered.

APPEAL from the Civil District Court, Parish of Orleans—
Rightor, J. .

---

*Theo. Cotonio* for Defendant, Plaintiff in Rule, Appellant.

---

*Albert Voorhies* for Plaintiff, Defendant in Rule, Appellee.

---

The opinion of the court was delivered by

WATKINS, J. In the suit of same title, No. 12,871 in this court, plaintiffs instituted a suit to annul a marriage between his son and the defendant, as his wife—plaintiff as the father having brought the suit for the use of his son who was a minor. In the District Court, the defendant's exception of no cause of action and no right of action was sustained, and the suit dismissed at plaintiffs' cost; and an appeal having been prosecuted by the plaintiffs to this court, the judgment appealed from was affirmed.

On producing to the court *a qua* the mandate of this court affirming the judgment, that court ordered the mandate and decree of this court to be filed and entered of record therein.

Thereupon, the defendant, by counsel, suggesting to the court *a qua* that the judgment therein rendered is now final and executory, and that plaintiffs have been condemned to pay all costs, and that under the law they are liable for the fees of her attorneys herein, and which

Delpit et al. vs. Young.

she fixes at the sum of five hundred dollars to be taxed as costs therein, it was ordered by the court that A. F. Delpit and George A. Delpit, the plaintiffs—father and son—show cause why the fees of her counsel fixed at the aforesaid sum, should not be taxed as costs.

Thereupon, the plaintiffs' counsel—the defendants in rule—excepted to the defendant's rule, on the ground that same discloses no cause of action; and that if any right of action she has, same is by suit, and not by rule.

And, they further show, that attorney's fees are not costs of court, and can not be taxed as such; and they pray that the rule be discharged.

The rule was fixed for trial, and upon the submission, the judge *a quo* held the exception taken thereto to be good, and discharged the rule.

This is the controversy we are called upon to decide.

We are of opinion that the judgment appealed from is correct.

Attorneys' fees incurred in the defense of a suit are not costs, and can not be so taxed—notwithstanding the parties are husband and wife.

In Melancon vs. Robichaud, 19 La. 358, it was held, that "fees which parties have to pay to their counsel for asserting their rights in courts of justice, have never been nor can they be considered as costs chargeable to the party cast."

Code of Practice, 552.

The judgment in the original case was against the plaintiffs, rejecting the husband's demands, for the nullity of the marriage. It, therefore, continues to exist, and during the existence of the marriage, the wife has no right of action against the husband to recover a debt.

Presumably, a community of acquets and gains exists between them. That is the necessary result of the marriage—unless a contrary stipulation had been made by a marriage contract. In this situation of affairs, the defendant has no claim that she can assert in a court of justice against her husband as plaintiff in the suit for the fees incurred in the employment of counsel in her defense.

We are clearly satisfied that the defendant's rule was properly discharged.

Judgment affirmed.