LAND, J.
Nuncio Baientolila instituted suit No. 4435 in the Twenty-Second judicial district court against his wife, Joanna Battalia, for an absolute divorce on the ground that they had been living separate and apart for a period of seven years. He obtained a judgment in' his favor. Subsequently his wife brought suit No. 5338 in said court to annul and set aside said judgment on various grounds, accompanied by a demand for a divorce or, in the alternative, a separation a mensa et thoro. Judgment was rendered in her favor, declaring the judgment of divorce obtained by her husband against her in suit No. 4435 null, void and of no effect, and further declaring:
“It is further ordered, adjudged, and decreed that this suit be dismissed by request of the plaintiff in proper person under oath, and while on the witness stand.”
The applicants, as attorneys for Mrs. Joanna Battalia, then instituted suit in said court against her husband, Nuncio Baientolila, to recover fees in the sum of $1,500, alleging that said sum was due them by the community of acqugts and gains existing between Nuncio Baientolila and Joanna Battalia, his >wife, for the services rendered by said attorneys in having the judgment of divorce in favor of Nuncio Baientolila declared null and void and of no effect. The defendant filed an exception of no cause of action to the suit of applicants. This exception was sustained by the lower court, and the judgment on appeal was affirmed by the Court of Appeal of the First Circuit, and we are requested in this application to review this ruling.
 The Court of Appeal is of the opinion that applicants’ suit against Nuncio Baientolila as head and master of the community for the fees in question was based upon a contract made by applicants with Mrs. Joanna Battalia, on behalf of herself and on behalf of her minor son, to recover their rights, and not upon a quantum meruit. It is true that applicants allege in their petition in articles 13 and 14 that Mrs. Battalia entered into a contract with them, which was assigned in part to associate counsel; yet in articles 22 and 23 of their petition applicants declare most clearly and positively that they rely for recovery upon a quantum meruit. Applicants do not pretend in any of their allegations that the contract which they have with Mrs. Battalia for compensation for services is binding upon the community, or upon the husband personally, for it is a self-evident fact that it is not. In consideration of services to be rendered her by applicants in annulling the judgment against her for divorce, in obtaining all of her rights as partner in community, and in obtaining recognition of the heirship of her minor son, Mrs. Joanna Battalia bound herself in said contract to transfer, assign, and deliver to her attorneys “an undivided one-half of all which they may recover.” The husband is no party to this contract, and it is obvious, therefore, that he cannot be bound personally by its terms. It is therefore unimportant that ap *719 ■plicants have referred to this contract at all, as the fact of .its existence created no obligation affecting the community or the husband personally as far as payment bf applicants’ fees for professional services are concerned. We will therefore treat the allegation of applicants as to the existence of this contract as an irrelevant recital in their pleadings, as it was evidently intended by them as merely narrative in part of .the various steps they had taken in the prosecution of the suit for the wife against the husband for the annulment of the divorce obtained by him.
Having concluded that applicants’ demand is based upon a quantum meruit, and not upon the contract in question, we find no serious difficulty in arriving at the conclusion that the fees due her attorneys for obtaining for her a judgment setting aside the judgment of divorce in favor of her husband constitute a legitimate charge against the community of acquets and gains subsisting between her husband and herself, and that he is personally liable for same. The husband was compelled to pay the costs in her suit for the annulment of this judgment, as he was the party cast in the action. The fees of the attorney may be assimilated to the costs in this class of cases. If the defendant husband can be made responsible for the costs in the wife’s suit against him to annul a judgment for divorce, in like manner he may be responsible for the services of the wife’s attorneys; for the one is a debt contracted during the existence of the community as well as the other, and being the successful party in the suit, she can charge the community with her attorney’s fees as she can tax it with the costs. Benedict v. Holmes, 104 La. 532, 29 South. 256. In the case cited, supra, we held that the fee of the wife, who has successfully prosecuted to judgment a suit for separation from bed and board ,and separation of property against her husband is a just and valid charge against the community, and may be recovered upon a quantum meruit. In the opinion in that case we said in part:
“The wife has a recognized legal right to institute against her husband a suit for divorce or separation of property upon grounds that are specified in the law; but, if she cannot charge her attorney’s fees and costs against the assets of the community in the event she obtains a decree of separation and dissolution, the right is practically a barren one, if she possesses no separate property. If the husband’s course of conduct be such as to justify the dissolution of the marriage and the dissolution of the community on the petition of the wife, it would seem that in such case the cost and attorney’s fees incident thereto ought to go against the community assets in the course of its liquidation, or against the husband personally if he takes the same to himself.”
In the instant case the husband obtained an absolute divorce against the wife on the false allegation that she was an absentee, and service was made upon a curator ad hoc, who accepted same and waived citation and all legal delays. These proceedings were conducted without the knowledge of the wife. The husband also falsely alleged in his petition for divorce that there were no issue of the marriage, whereas, in fact and in truth, a child had been born. The judgment in his favor was based, not only upon false allegations, and illegal service, but operated also as a fraud against his wife and his minor son. Upon the face of this judgment, it had the effect not only of dissolving the bonds of marriage, but also of dissolving the community. This situation was brought about by the tortious conduct of the husband, and the wife, in order to ^protect her rights and those of her minor son, was compelled to employ attorneys, and to bring suit for the annulment of the judgment against her. She was successful in the suit, and the community was benefited thereby, as its integrity was completely restored. Her legal right to attack such a judgment would be a dead letter, unless in such a case she could charge the husband personally with her attorney’s fees as she has no separate estate, and cannot bind the *721 community without the husband’s consent. The same principle of equity and justice, ex rei necessitate, must be applied to the instant case, as well as to successful suits upon the part of the wife against the husband for divorce or separation. The applicants therefore have alleged a cause of action, and are entitled to recover against the defendant personally upon a quantum meruit attorneys fees in such sum as may be reasonable for the services rendered by them to the wife in annulling the judgment of divorce obtained by the husband against her.
It is therefore ordered, adjudged, and decreed that the judgment of the Twenty-Second judicial district court and the judgment of the Court of Appeal, First Circuit, state of Louisiana, be annulled, avoided, and reversed, and it.is now ordered that this case be remanded to the Twenty-Second judicial district court, and be reinstated on the docket of said court, and that the trial of this case be proceeded with in due course, and in accordance with the views herein expressed.