THOMPSON, J.
 

 The plaintiff appeals from a judgment dismissing his suit on an exception of no cause of action.
 

 He is an attorney at law, and was employed by Mrs. Helen McCrady, wife of the defendant, Monteleone, to file and prosecute for her suit for separation from bed and board, to obtaih alimony pending the said suit, and for a dissolution and liquidation of the community. The suit was instituted, an inventory of the community property was made, and a judgment for alimony was rendered in plaintiff’s favor. She was dissatisfied with the amount allowed her, and prosecuted an appeal to this court. Pending the appeal a reconciliation between husband and wife was effected, which fact legally concluded the action for separation.
 

 The present suit is brought by the attorney against the husband on a' quantum meruit for services rendered the wife in her suit for separation.
 

 The petition alleges that the allegations in the suit for separation could have been established, and that as long as the said Mrs. Monteleone desired to have her said suit against her husband prosecuted, petitioner was ready and willing to and did prosecute the said suit.
 

 It is further alleged that petitioner is entitled to be paid by the defendant husband a just and reasonable fee for the said services performed by ^im for the said Mrs. Monteleone, the just and reasonable value of which said services is the sum of $5,000, being the. amount which the said Mrs. Monteleone agreed to pay for petitioner’s services at the time she employed him.
 

 The sole question tendered by the exception, and which we are called upon to decide, is whether or not a husband, or the community of which he- is head and master, can he held liable for the fees of counsel employed by the wife in a suit by her against her husband for separation from bed and board where such suit has failed or for any reason has not been carried to a successful termination.
 

 The question is nbt entirely free from difficulty. There is no case to he found in the jurisprudence of the state exactly parallel, and in which the precise question here presented was considered.
 

 Counsel for defendant relies for support of his contention on Tucker v. Carlin, 14 La. Ann. 734, and Benedict v. Holmes, 104 La. 528, 29 So. 256.
 

 The cases, while in some respects pertinent, are not decisive of the question presented in this case.
 

 In the Tucker Case it appears that in a former suit there were mutual demands for divorce on the part of the husband and the wife, neither of whom was successful. The demand of each was rejected by a final judgment of this court. The attorney for the wife then brought suit for his services against both the husband and the wife. The demand as against the husband was rejected, the court holding that counsel employed by the wife must look to her separate estate and not to the husband or the community.
 

 The theory on which the case was decided adversely to the claim for attorney fees was: (1) That the wife could not by contract bind the community, that authority being alone vested in the husband as' head and
 
 master;
 
 
 *319
 
 and (2) that the attorney for the wife could not claim under a quasi contract on the ground that the wife, in instituting the divorce suit against her husband, had so managed the business of the community as a negotiorum gestor as it had been benefited thereby, because she acted directly against his will and intended to injure and destroy the community.
 

 In the Benedict Case the wife was successful in her suit for separation from bed and board; and thereby dissolved and destroyed the community, but the court held that the services of the attorney employed by the wife in her suit for Separation from bed and board should be paid by the husband as head and master of the community.
 

 In the course of the opinion the court said:
 

 “It is quite true that the wife is without power to contract debts that will bind the community during its existence; and it is for that cause she does not become personally bound for community debts which have been contracted by the husband, she being permitted to make a renunciation after the dissolution of the community. * * *
 

 “The wife has a recognized legal right to institute against her husband a suit for divorce ■or separation of property upon grounds that are specified in the law; but, if she cannot charge her attorney’s fees and cost against the assets of the community in the event she obtains a decree of sepáration and dissolution, the right is practically a barren one, if she possesses no separate property.”
 

 The court in its opinion stated that the argument that was employed by^the court in support of its rejection of the plaintiff’s demand in the Tucker Case—to the effect that, if the wife can be made responsible for the costs, in like manner she may be responsible for the services of her attorney rendered without contract—supported the plaintiff’s de-, mand in the case then under consideration.
 

 It will thus be seen that in the one case (Tucker) the court held that the husband was not liable for the attorney’s fees, where the wife’s claim to a separation was rejected by the final judgment of court, and in the other (Benedict) the husband was held liable where the wife succeeded in her demand for a separation and dissolution of the community.
 

 So that we find from these two cases that if the wife attempts by suit and fails to destroy the community, the husband is not liable. While on the other hand, if she succeeds in putting an end to the community the husband is liable.
 

 It is well to note that while in the Benedict Case the court referred to and quoted to some extent from the Tucker Case, the court did not hold in the Benedict Case that the attorney employed by the wife could not recover for his services where the suit for separation was unsuccessful.
 

 •It was made quite clear, however, that the continued existence of the community precluded the Wife from claiming from the husband or from the community fees paid' or agreed to be paid her counsel for prosecuting her suit for separation, for the reason that the- wife has no right of action against the husband during the community to recover a debt. But it was not held that the attorney of the wife had no right of action against the husband for services rendered the wife. .
 

 On the contrary, the court, in referring to the Tucker Case and the case of Delpit v. Young, 52 La. Ann. 1071, 27 So. 583, said:
 

 “We considered the fact of the continued existence of the community as conclusive against the assertion of the wife’s right in her own name; but we did not hold, or intend to decide, that the wife’s attorneys did not have a right of action against the husband, as head and master of the community, upon a quantum meruit, if not on a contract.”
 

 In the case of Breaux, Fenner & Hall v. Francke, 30 La. Ann. 336, the court held that the fee due the plaintiffs as lawyers for having successfully defended a wife in a suit
 
 *321
 
 prosecuted by her husband for her interdiction was a valid debt of the community.
 

 “ Tt may be said that without the husband’s consent no debt can be contracted against the community, and that, in as much as plaintiffs have acted, not only without his consent, but in direct opposition to the husband himself, to his wishes and demands, the community cannot be held liable for the fee. This is the general rule, but in the interdiction suit the husband’s action rendered indispensable the services of counsel, and, if the wife had not selected those by whom she was represented, it would have been the duty of the judge to have named [an attorney] for that purpose,’’ etc.
 

 “Thereupon the court gave judgment for the attorneys’ fees of the wife in favor of her .attorneys upon a quantum meruit,
 
 notwithstanding the oomimmity was not dissolved’’
 
 (Italics by the writer.)
 

 In the case of Purser & Magruder v. Baientolila, 152 La. 716, 94 So. 366, 25 A. L. R. 348, it appears that the husband had in a former suit obtained a judgment of final divorce against his wife.
 

 Thereafter, the wife employed counsel and sued to annul the said judgment. She was successful in her suit. The judgment of divorce was set aside, and the matrimonial community was restored to its former status. The attorneys of the wife then brought suit on a quantum meruit against the husband as head and master of the' community for their services on hehalf of the wife in annulling the judgment of divorce. The district judge rejected the demand of the attorneys, and that judgment was affirmed by the Court of Appeal.
 

 On review by this court, the judgment was reversed, and the right of the attorneys to recover against the husband on a quantum meruit was recognized. . ■
 

 In our opinion we said:
 

 “She was successful in the suit, and the community was benefited thereby, as its integrity was completely restored.
 

 “Her legal right to attack such a judgment would be a dead letter, unless in such a case she could charge the husband personally with her attorney’s fees, as she has no separate estate, and cannot bind the community without the husband’s consent.
 

 “The same principle of equity and justice, ex rei necessitate, must be applied to the instant case, as well as to successful suits upon the part of the wife against the husband for divorce or separation.”
 

 So we find that this court has held the husband liable for the fees of the attorney employed by the wife where she was successful in her suit for separation and which dissolved the community of acquets and gain's. And likewise in a suit where the wife had employed attorneys to defend her in an interdiction proceeding brought by the husband,
 
 “notwithstanding the community was not dissolved.”
 
 (Italics by the writer.)
 

 And again, in a suit in which the wife was successful in annulling a judgment of divorce obtained by the husband, thereby restoring the community in its integrity.
 

 The law lays down certain specific causes for which a separation from bed and board or a divorce may be' granted by the court, and the law also recognizes the right of a wife to institute and prosecute a suit for that purpose against'her husband.
 

 This right carries with it the right to employ counsel to institute and prosecute such a suit. No good and valid reason is suggested or can be suggested why the attorney thus employed may not rfecover for his services against the husband as head and master of the. community.
 

 If the attorneys in such a case are not entitled to recover against the husband or the community, then the law giving the right to the wife to sue for a separation or divorce and to employ counsel for that purpose, as said by the court in the Purser & Magruder Case, is a dead letter, or is a barren one, as was said in the Benedict Case. The wife would find herself vested with a legal right but without practically any remedy or the authority to vindicate such right.
 

 The reasoning and the conclusion of the
 
 *323
 
 court in the Benedict, the Breaux, Hall & Fenner, and the Purser-Magruder Cases is obviously contrary to the principle on which the Tucker Oase was decided.
 

 After all is said, therefore, we are of the opinion that the fact that a reconciliation took place between the parties, thereby putting an end to the suit for separation and leaving the community intact, did not have the effect of relieving the defendant from, liability for the fees of the attorneys employed by his wife.
 

 There can be no difference in principle between the instant case and the cases in which the right of recovery was recognized, where the wife was successful in dissolving the community, as where she was likewise successful in restoring a dissolved community.
 

 Taking the allegations of the plaintiff’s petition as true, the wife was justified in Instituting her suit for separation and her action, as well as that of her counsel, was had in perfect good faith. It may be that the suit itself had something to do with bringing about the reconciliation. At all events the result was gratifying—the conjugal relations were restored and the matrimonial community was preserved. We find, therefore, no sound reason in law or in morals why -the husband should not pay a reasonable fee to the counsel for the services rendered.
 

 In conclusion, we might add .that while the jurisprudence on the question is not at all uniform in the several states, our ruling appears to be in line with that adopted by the English courts.
 

 In Corpus Juris, vol. 19, at page 199, it is stated that at common law the husband was bound to furnish the wife with those things which were reasonably suitable and necessary to her fortune and station in life, and for that reason in the English courts counsel, who in good faith and upon probable cause, carries on or defends a wife’s divorce suit with her husband, was allowed to recover at law from the husband reasonable compensation for his services and expenses, whether he is successful or not.
 

 And the same -authority states that, although some American eases follow the English rule, it has been said that the authorities on this question are in every form of conflict, resulting in nothing which may be deemed an American doctrine.
 

 “By the weight of authority and the better reasoning the husband is not liable, as upon implied contract to pay for services rendered the wife either in prosecuting or defending a suit for an absolute divorce; but where the action is for a separation the services rendered in her behalf are necessaries for which the husband should be held liable.”
 

 “In any event it must be shown that the wife had a reasonable cause for instituting the suit.”
 

 The English rule, which places the liability of the husband upon “the ground that he is bound to furnish the wife with those things which were reasonably suitable and necessary to .her fortune and station in life,” to some extent supports our conclusion.
 

 Our own code declares that the husband and wife owe to each other mutually fidelity, support, and assistance, and the husband is obliged to receive the wife and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition. C. C. arts. 119 and 120.
 

 For the reasons assigned, the judgment is annulled and set aside, the exception of no cause of action is overruled, and this case is remanded to the lower court tó be proceeded -with according to law and the views herein expressed.
 

 O’NIELL, C. J., and LAND and BRU-NOT, JJ., dissent.-