passed free from any lien in favor of either of those furnishers of material.

LAND, J., dissents.

―――――

(113 So. 889)

No. 28241.

GOSSERAND v. MONTELEONE.

May 23, 1927. Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬤⟲1099(6)—Decision on appeal from judgment dismissing suit on exception of no cause of action is "law of case."

Decision on appeal from judgment dismissing suit on exception of no cause of action must be accepted as settled "law of case" on subsequent appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Law of the Case.]

2. **Husband and wife** ⬤⟲268(1)—Husband is personally liable as head of community for reasonable fees of attorney representing wife in suit for limited divorce.

Obligation of husband to pay reasonable fee due attorney representing wife in suit for separation from bed and board is debt for which husband is personally liable as head and master of community.

3. **Husband and wife** ⬤⟲87(1), 268(1)—Wife cannot, without husband's consent, contract debts against community, and cannot bind herself for her husband's debts (Rev. Civ. Code, art. 2398).

As a general rule, wife cannot contract any debt against the community without her husband's consent, and she cannot bind herself for her husband, nor conjointly with him, for debts contracted by husband before or during marriage, under Rev. Civ. Code, art. 2398.

4. **Husband and wife** ⬤⟲268(1)—Attorney's fees for representing wife in limited divorce suit must be fixed as against husband upon quantum meruit under court's supervision, regardless of wife's contracts.

Attorney's fee for representing wife in suit for separation from bed and board must be fixed upon quantum meruit under court's supervision for protection of husband and community interests, as against wife's contracts for professional services which may be in excess of reasonable compensation.

5. **Husband and wife** ⬤⟲268(1)—Attorney, representing wife in suit for limited divorce ended by reconciliation, could recover from husband reasonable value of services, notwithstanding note received from wife for fees (Rev. Civ. Code, art. 2398).

Attorney, representing wife in suit for limited divorce which was ended by reconciliation between parties, *held* entitled to recover from husband reasonable value of services under Rev. Civ. Code, art. 2398, though attorney secured and retained note given by wife in payment for professional services.

6. **Attorney and client** ⬤⟲140—Attorneys' compensation should be determined by difficulties of case and amount in controversy in connection with work and responsibility incurred.

Where no special contract has been made, compensation of attorneys must be regulated by nature of their services, taking into consideration difficulties of case, amount in controversy, and other attending circumstances in connection with labor performed and responsibility incurred.

7. **Husband and wife** ⬤⟲268(1)—$1,000 held reasonable compensation to attorney representing wife in suit for limited divorce, ended in reconciliation, where net value of community property was approximately $62,000.

In attorney's suit to recover compensation for services rendered in filing wife's suit for separation from bed and board $1,000 for preparing and trying rules for fixing alimony, taking inventory, and prosecuting appeal, which ended in reconciliation, *held* reasonable compensation where community property was inventoried at net value of approximately $62,000.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans, E. K. Skinner, Judge.

Action by Louis H. Gosserand against Anthony V. Monteleone. Judgment for plaintiff, and defendant appeals. Amended, and as amended affirmed.

A. D. Danziger, of New Orleans (P. H. Stern, of New Orleans, of counsel), for appellant.

Edward Rightor and Eugie V. Parham, both of New Orleans, for appellee.

LAND, J. On January 6, 1923, Mrs. Helen McReady Monteleone, wife of defendant, instituted suit against him in the civil district court for separation from bed and board, and later filed a rule to fix alimony in the sum of $600 per month.

On the day the suit was brought, Mrs. Monteleone executed and delivered to plaintiff, as her attorney, a note for the sum of $5,000, payable to her order, and by her indorsed, as a fee for his services in the prosecution of the suit.

Being dissatisfied with the judgment of the lower court allowing her alimony in the sum of $200 per month, Mrs. Monteleone appealed to this court, and, during the pendency of the appeal, a reconciliation was effected between the spouses, and the suit was discontinued in the civil district court on the motion of the appellant, thereby legally ending the action for separation.

Instead of suing Mrs. Monteleone on her note of $5,000, plaintiff, without surrendering the note to her, instituted the present action against the defendant, the husband, to recover upon a quantum meruit the sum of $5,000 for the same services rendered by plaintiff to the wife in her suit for separation from bed and board.

Judgment was rendered in the lower court in favor of plaintiff and against defendant in the sum of $5,000, and the case is now before us on appeal by defendant from this judgment.

The present suit was presented to this court for the first time on the appeal of plaintiff from a judgment dismissing his suit on an exception of no cause of action. Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310.

It is said in the opinion in that case:

"The sole question tendered by the exception, and which we are called upon to decide, is whether or not a husband, or the community of which he is head and master, can be held liable for the fees of counsel employed by the wife in a suit by her against her husband for separation from bed and board where such suit has failed or for any reason has not been carried to a successful termination." Page 318 (105 So. 356).

It was held in the Gosserand Case by a majority of the court:

"That the fact that a reconciliation took place between the parties, thereby putting an end to the suit for separation and leaving the community intact, did not have the effect of relieving the defendant from liability for the fees of the attorneys employed by his wife." Page 323 (105 So. 358).

[1] That the defendant, the husband, is liable upon a quantum meruit for a reasonable fee to plaintiff, as attorney for the wife in the separation suit, notwithstanding the community was not dissolved, must be accepted as the settled law of the case.

The $5,000 note executed by Mrs. Monteleone and held by plaintiff is a new phase of the present suit, and arose as an issue for the first time after the case was remanded and trial was had on the merits.

Defendant contends that plaintiff had the right either to make a contract with his client, Mrs. Monteleone, for his services to be rendered, or he had the right to rely on an action against defendant on a quantum meruit, and that, having elected to pursue the former course, plaintiff cannot now resort to the latter, but must look to his debtor, Mrs. Monteleone.

We cannot concur in defendant's conclusion that plaintiff had the right, under the facts of this case, to make a contract with the wife of the defendant for the payment of his fee.

It is apparent that plaintiff is suing the husband in this case upon a quantum meruit for $5,000, for identically the same fee and the same services for which he holds a note of $5,000, executed and delivered to him by the wife.

[2] The nature of the debt due by defendant to plaintiff has been finally determined

in Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310. It is a debt for which the husband is personally liable, as the head and master of an existing community.

[3] The $5,000 note in this case was given by the wife to plaintiff, not only without the consent of the husband, but in direct opposition to his wishes. As a general rule, without the husband's consent, no debt can be contracted against the community. Nor can the wife bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage. R. C. C. art. 2398; Benedict v. Holmes, 104 La. 528, 29 So. 256; Breaux, Fenner & Hall v. Francke, 30 La. Ann. 336; Purser & Magruder v. Baientolila, 152 La. 716, 94 So. 366, 25 A. L. R. 348.

The debt in this particular case was not contracted by the husband during the marriage, in the sense that it is an obligation arising from covenant; yet it is made an obligation of the husband, or of the community, through operation of law. It is none the less a debt of the husband, or of the community, and existed at the date the $5,000 note was received by plaintiff from the wife of the defendant, as his fee in the separation suit.

Plaintiff, with full knowledge at the time that the note executed by Mrs. Monteleone was for a community debt, accepted the wife's note for the debt. This fact is clearly shown by the following testimony given by plaintiff in the case:

"Q. What is the truth in regard to the alleged agreement which she said you got her to sign in her room with regard to her fee?

"A. The agreement, as shown by the note which was given for $5,000. I did tell Mrs. Monteleone at the time that her husband would be liable for $2,500 of that money; in other words, that the husband is liable for one-half of the attorney's fees, that the attorney's fee came out of the community, and therefore it is paid in the proportion of one-half each by both of them."

In addition to this, plaintiff avers in the present suit that he is entitled to be paid by the husband, the defendant, a just and reasonable fee for the services rendered to the wife in the separation suit.

As said by Mr. Justice Spencer in Claverie v. Gerodias and Her Husband, 30 La. Ann. 293:

"The law (C. C. art. 2398) forbids the wife to become security of her husband, or to bind herself or property for his debts. Her note, for such a purpose, in the hands of the husband's creditor, who takes it knowingly, is utterly null and void."

We are not concerned in this case as to the rights of an innocent holder of the note, as the same was produced in open court by plaintiff, at the request of counsel for defendant, to be filed and placed in the record in this suit.

Manifestly, a wife is not liable and cannot bind herself for the payment of a debt, or any part thereof that may be due by the husband, as the head and master of an existing community.

[4, 5] As declared in the Gosserand Case, the law requires the husband to pay a reasonable fee to an attorney representing a wife without means in a suit for separation from bed and board. As a matter of public policy, such a fee must be fixed upon a quantum meruit and under the eye of the court, for the protection of the husband and the existing community interests against contracts made by the wife for fees for professional services to be rendered to her, and which may be in excess of a reasonable compensation.

[6] It remains only for us to fix the quantum of the fee due by defendant to plaintiff. When no special contract has been made, the compensation of attorneys must be regulated, in a degree, by the nature of their services. The difficulties of the case, the amount in controversy, and other attending circumstances must be considered, in connection with the physical and mental labor and the responsibility incurred. Hunt v. Orleans Cotton Press Co., 2 Rob. 404.

[7] The community property is inventoried in the separation suit at the net value of $62,-536.30.

Plaintiff prepared and filed a suit for separation from bed and board, accompanied with the usual restraining order against the disposal of the community assets by the husband. He also prepared and tried two rules for fixing alimony, and succeeded in increasing the alimony of his client from $166.66 to $200 per month. He devoted some time to securing information as to what the community consisted of, and assisted the notary and the appraisers in taking the inventory. He also filed an amended petition to change the domicile of Mrs. Monteleone pending the suit for separation. He gave advice to his client, and prosecuted an appeal to this court from the last judgment fixing the alimony at $200. This appeal was not tried, but was ended by the reconciliation of the parties.

The attorney for defendant received a fee of $800 for his services in defending the suit for separation. We are not advised as to the value of the services rendered by plaintiff by any witness except himself.

Taking into consideration the nature of plaintiff's services, the value of the community assets, and the attending circumstances of the case, we are of the opinion that a fee of $1,000 as compensation for plaintiff is reasonable, and will meet the ends of justice in the case.

It is therefore ordered that the judgment appealed from be amended by reducing the amount of same from $5,000 to $1,000, that said judgment, as amended, be affirmed, and that defendant pay all costs except those of the appeal, which are to be borne by the appellee.

O'NIELL, C. J. (dissenting). I agree that $1,000 is not too large a fee for the plaintiff's services, but my opinion is that the defendant does not owe the debt. The plaintiff contracted with the defendant's wife alone, and accepted her promissory note, given without her husband's knowledge or consent. The plaintiff's right of action, therefore, is against her, and not on a quantum meruit, but on the contract.

The obligation was contracted for the wife's separate benefit—not for the husband's benefit, but for the purpose of suing him—and not for the benefit of the marital community, but for the purpose of disrupting it. According to the Act 94 of 1916, as amended by the Act 244 of 1918, and by the Act 219 of 1920, the wife had as much authority to contract the debt as if she were a feme sole; and by the Act 132 of 1926 she may bind and obligate herself even for the benefit of her husband or of the marital community. It is fundamental that one who renders services under a contract for a stipulated compensation cannot sue on a quantum meruit. Under the statute of 1920, which should govern this case, we could not have refused to render judgment against Mrs. Monteleone if the plaintiff had sued her on the note which she gave him. I cannot believe that the courts would refuse to enforce an obligation contracted by a married woman, having the means to pay, for the services of an attorney employed to sue—perhaps an impecunious husband—for a divorce.