(114 So. 81)

No. 27548.

## SCHROEDER v. CENTRAL LUMBER CO.

July 11, 1927.　Rehearing Denied Oct. 4, 1927.

*(Syllabus by Editorial Staff.)*

**1. Husband and wife ⬳171(1)—Creditor of husband, taking mortgage note from wife covering her separate estate, knowing that mortgage covered debt owed by husband was not innocent holder.**

Where creditor of husband took mortgage note from wife, knowing that mortgage on wife's separate estate covered debt owing by her husband at that time plus advances that were to be made to him, creditor did not enjoy rights of innocent holder of mortgage note.

**2. Husband and wife ⬳171(1)—Taking mortgage note from wife, knowing that mortgage covering wife's separate estate, was given as security for debt of husband, rendered mortgage void (Rev. Civ. Code, art. 2398).**

Under Rev. Civ. Code, art. 2398, where creditor of husband took mortgage note from wife with knowledge that mortgage on wife's separate property was given by wife as security for debt of her husband, mortgage was null and void.

**3. Husband and wife ⬳171(4)—Facts held not to justify conclusion that wife, executing mortgage covering husband's indebtedness, had taken over husband's business.**

· In suit to have act of mortgage annulled and canceled on ground that it was given to secure business debt of mortgagor's husband, facts *held* not to justify conclusion that mortgagor had taken over husband's business of painting and decorating, to be conducted in her name, where wife did not supervise contracts husband had previously made, and gave no orders for material and drew no checks for pay roll in execution of contracts.

**4. Husband and wife ⬳171(1)—Court will look through disguises in business dealings to prevent wife's property from being sacrificed for debts of husband. ·**

Court will look through all disguises in which men may shroud their business dealings to prevent, so far as possible, property of wife from being sacrificed for debts of her husband, from which she derives no benefit.

Appeal from First Judicial District Court, Parish of Caddo; F. X. Ransdell, Judge.

Suit by Mrs. Lillian Schroeder against the Central Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Dimick & Hamilton, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

LAND, J.　On December 4, 1922, plaintiff executed a mortgage on her separate property for the sum of $3,000 in favor of defendant company. In the present suit, plaintiff seeks to have the act of mortgage annulled and canceled on the ground that it was given by her to secure a debt of her husband, and to enjoin defendant company, as the holder of the mortgage note, from seizing and selling her property under executory process.

The judgment of the lower court decreed the act of mortgage null and void, and perpetuated the injunction. Defendant company has appealed.

The evidence shows that a community of acquets and gains exists between plaintiff and her husband, W. P. Schroeder, who is a painter and decorator contractor residing in the city of Shreveport. It appears that, during the years 1922 and 1923, Schroeder had a number of contracts on hand for buildings in that city, including the Shriners' Home, the Central Fire Station, and the Jefferson Hotel. Being in straitened circumstances, Schroeder finally prevailed upon his wife to execute this mortgage in favor of defendant company on her separate estate, consisting of lots 2, 3, and 4, block 11, Queensborough Annex subdivision of the city of Shreveport, in order to secure said company for sums already due for material furnished to him, and to obtain future advances on the contracts which he then had.

Plaintiff owed nothing to defendant company at the date of the execution of this mortgage. She was not interested financially in any of her husband's contracts, nor did she receive any of the money or material fur-

nished to him by defendant company on any of these contracts. It cannot be successfully contended, therefore, that the mortgage executed by plaintiff inured, in any way, to her separate advantage and benefit.

[1, 2] Plaintiff charges in her petition that defendant company well knew, at the time the authorization of the judge was obtained, and at the time she executed the mortgage, that said mortgage covered a debt owing by her husband at that time, plus advances that were to be made to him.

The evidence in the record, in our opinion, clearly sustains this charge. Under this state of facts, defendant company does not enjoy the rights of an innocent holder of the mortgage note in this case. The taking of this note by said company, with the knowledge at the time that the mortgage was given by the wife as security for the debt of her husband, was an act in violation of a prohibitory law of this state, and rendered the act of mortgage executed by plaintiff null and void. R. C. C. art. 2398; Gosserand v. Monteleone, No. 28241 on the docket of this court, ante, p. 397, 113 So. 889.

[3] An attempt has been made to prove that, before the loan was made by defendant company, a plan was evolved by the attorney of plaintiff whereby the business of her husband, as contractor, should be taken over by her and conducted in her name. In our opinion, the facts in the record do not support such contention. Plaintiff did not supervise the contracts which her husband had previously made, after she gave the mortgage to defendant company. She gave no orders to the company for material, and drew no checks for the pay roll in the execution of these contracts.

On the contrary, all such orders were signed by the husband of plaintiff or by his foreman, and all material and moneys were delivered and paid to him by defendant company. The mere fact that these advances were charged to plaintiff on the books of the company is therefore of no real significance in the case, in so far as proof of the taking over of the business of her husband by plaintiff is concerned.

[4] In the language of Mr. Justice Spofford:

"It is the uniform practice of this court to look through all the disguises in which men may shroud their business dealings, and to prevent, so far as possible, the property of the wife from being sacrificed for the debts of her husband, from which she derives no benefit." Theriet & Baron v. Voorhies, 12 La. Ann. 852.

Judgment affirmed.

O'NIELL, C. J., concurs in the decree, but does not consider the guilty knowledge of the mortgagee as a matter of any importance.