## DOWLING v. CENTANNI.
### No. 16668.

Court of Appeal of Louisiana.  Orleans.
May 17, 1937.

James G. Schillin, of New Orleans, for appellant.

Henry J. Wyman, of New Orleans, for the State.

McCALEB, Judge.

This is a suit by Richard A. Dowling, a practicing lawyer of New Orleans, La., against Jerome R. Centanni, for professional services rendered to the defendant's wife in connection with a suit brought by her against the defendant for a separation.

The petition alleges that the plaintiff was employed in his professional capacity by the defendant's wife to institute a suit for separation from bed and board against him; that, in accordance with his employment, he filed suit in the civil district court charging the defendant with cruel and inhuman treatment; that the case was tried and resulted in a judgment in favor of the defendant; that an appeal was taken to the Supreme Court, which court reversed the judgment of the district court and granted to Mrs. Centanni a separation from bed and board and the custody of her minor child, issue of the marriage.  Centanni v. Centanni, 182 La. 632, 162 So. 203.  Plaintiff further alleges that his services are well worth the sum of $500 but he remits and waives the sum of $200 in order to come within the jurisdiction of the first city court of New Orleans.

This suit is brought under the authority of Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310, and liability to the plaintiff for the services rendered defendant's wife is admitted.  The defense to the action is that the defendant is impoverished, that he earns only $12 per week, and that the judgment to be rendered against him should be fixed in accordance with his financial condition.

The trial court, after hearing the evidence, awarded a judgment in favor of plaintiff in the sum sued for, to wit, $300, and the defendant has prosecuted this appeal.

In this court, counsel for defendant concedes that the charge for the services rendered by the plaintiff to defendant's wife is quite reasonable under ordinary circumstances, but he contends that, in view of the fact that defendant is earning only $12 per week and is compelled to pay $3 per week alimony for the upkeep of his child, the amount of the judgment below is plainly excessive.

It is well settled that, in fixing compensation for the professional services of a lawyer, the work done, the results obtained, the ability of counsel, and the financial status of his client are factors to be taken into consideration.  The ability of the plaintiff, the services performed by him, and the results obtained are not questioned by the defendant but, as aforesaid, the defense is based entirely upon his inability to pay the charge.

We are of the opinion that, where a lawyer performs services such as those rendered by plaintiff in the district court and the Supreme Court, a fee of $300 is modest, to say the least.  While the financial ability of the defendant to pay is always to be considered, still, the fact that the person responsible for the services rendered is impoverished is not in itself a sufficient reason to deprive the lawyer of a fair fee.  If the defendant in this case were a man of means, it is certain that the plaintiff would be entitled to a much larger allowance than the amount he sued for, and we further opine that the plaintiff, himself, by suing for only $300, has taken into account the defendant's financial status.  We do not find that the

award of the trial court is excessive, considering all the circumstances of the case.

The judgment appealed from is therefore affirmed.

Affirmed.

WESTERFIELD, J., absent.