183 So. 173

## HENDERSON v. HENDERSON.

No. 34590.

June 27, 1938.

Rehearing Denied Aug. 5, 1938.

Lester Wilson, of Shreveport, for appellant.

L. Percy Garrot, of Shreveport, for appellee.

ROGERS, Justice.

The plaintiff and the defendant were married in Alexandria, Louisiana, on June 20, 1918. Three children were born of the marriage. All these children are girls and at the time this suit was brought were respectively sixteen, fourteen and eleven years of age. For the past ten years the parties have been living in the city of Shreveport.

On March 11, 1937, this suit was filed by the wife charging her husband with cruel treatment of such a nature as to render their living together insupportable.

The husband had no previous notice or intimation that the suit would be filed. On the day that it was filed, the husband as usual reported for work at his place of employment. After he had left the common residence, the wife removed all their furniture and automobile to another residence in Shreveport, and, after this had been done, the petition filed in this case was served on her husband. Immediately thereafter he went to the place that had been occupied as the matrimonial domicile and found an empty house.

Plaintiff in her petition alleges a number of acts of cruel treatment on the part of her husband towards her. Defendant in his answer denies the acts of cruelty imputed to him by his wife.

The judge of the district court after hearing the evidence rejected plaintiff's demand and she has appealed from the judgment.

Plaintiff's allegations of cruel treatment were sufficient if established, to entitle her to a separation from bed and board. Civ. Code, art. 138 et seq. But plaintiff was unable to make good her allegations by proof. Her testimony as to the various acts of cruel treatment imputed to her husband is not corroborated by any other witness. It stands alone. The letters offered in evidence by plaintiff are more favorable to defendant's story than they are to hers. Defendant denied the acts of cruel treatment with which he was charged.

The record shows that defendant while not a man of prominence is well thought of in the community in which he lives. The testimony of members of the social set in which the parties moved establishes his character as that of a quiet and agreeable person.

The record also shows that defendant always has been a hard working man and that he has provided for his wife and children as his means allowed. At the time the present suit was filed he was preparing to build a home for his family on a lot of ground which he had purchased a short while before.

It appears from the evidence that plaintiff is of a nervous and excitable temperament and of a jealous disposition. This is apparently the source of her dissatisfaction with her matrimonial relation.

We find nothing from our examination of the record that would justify us in disturbing the judgment of the district court rejecting plaintiff's demand.

For the reasons assigned, the judgment appealed from is affirmed.