## WILSON v. HENDERSON.

### No. 5923.

Court of Appeal of Louisiana. Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

Certiorari Denied Oct. 30, 1939.

L. Percy Garrot, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff, in the capacity of attorney, represented Mrs. Jessie M. Henderson in a suit she instituted against her husband, Houston S. Henderson, defendant herein, for separation from bed and board, which was lost in the District Court and also in the Supreme Court (Henderson v. Henderson, 190 La. 836, 183 So. 173). He seeks by this suit to hold the husband, as head and master of the community partnership, responsible for compensation due him for professional services rendered the wife in said litigation, the value of which he estimates at $1,000. He sues on a quantum meruit.

In the suit for separation, besides that issue, the custody of three minor children, a dissolution of the community, the assets of which had a value in excess of $10,000, and payment of alimony, were involved. An injunction was also sued out to restrain the husband from disposing of any of the

community property pendente lite to the wife's prejudice.

Plaintiff herein alleges that the suit by Mrs. Henderson was filed and prosecuted in good faith; that he ably and assiduously represented her therein and that it was lost because of the "vagaries of justice". He, however, further avers that his "unsuccessful efforts inured to the benefit of the community which was continued in full force and effect". These allegations are specially denied by defendant.

He also denies that he is liable for or should be condemned to pay plaintiff a fee for the services rendered his wife in the separation suit. He appealed from a judgment in plaintiff's favor for $750.

In oral argument, alternatively, appellant assails the award against him as being excessive. He primarily argues that since his wife's suit ended unsuccessfully and that the community of acquets and gains was not benefitted from the vigorous, but futile, efforts to destroy it, that in law and equity neither he, personally, nor as head and master of the community, should be cast for the fee sued for.

■ The primary question tendered is no longer novel in the jurisprudence of this state. Many cases on the subject have reached the Supreme Court. That court first held that the wife's suit for separation from bed and board or divorce must have terminated in her favor, working a dissolution of the community, before the husband, as head and master thereof, could be held liable for her counsel's fee. These cases are relied upon by defendant herein: Tucker v. Carlin, 14 La.Ann. 734; Benedict v. Holmes, 104 La. 528, 29 So. 256.

This court, in Coco, Broussard & Dupuy v. Lonnie Guy Byrd et al., 2 La.App. 613, following these two Supreme Court cases, affirmed the lower court's judgment, which sustained an exception of no cause and of no right of action based upon the absence from the petition of an allegation that the suit of the wife terminated successfully. This opinion was rendered on June 6, 1925. Sixteen days thereafter the Supreme Court in Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 358, 42 A.L.R. 310, held diametrically to the contrary. In upholding the wife's counsel's contentions in that case, the court, through Justice Thompson, assigns these unanswerable reasons in support of the rule therein laid down:

"The law lays down certain specific causes for which a separation from bed and board or a divorce may be granted by the court, and the law also recognizes the right of a wife to institute and prosecute a suit for that purpose against her husband.

"This right carries with it the right to employ counsel to institute and prosecute such a suit. No good and valid reason is suggested or can be suggested why the attorney thus employed may not recover for his services against the husband as head and master of the community.

"If the attorneys in such a case are not entitled to recover against the husband or the community, then the law giving the right to the wife to sue for a separation or divorce and to employ counsel for that purpose, as said by the court in the Purser & Magruder Case [Purser & Magruder v. Baientolila, 152 La. 716, 94 So. 366, 25 A.L.R. 348], is a dead letter, or is a barren one, as was said in the Benedict Case. The wife would find herself vested with a legal right but without practically any remedy or the authority to vindicate such right.

"The reasoning and the conclusion of the court in the Benedict, the Breaux, Hall & Fenner [30 La.Ann. 336], and the Purser-Magruder Cases is obviously contrary to the principle on which the Tucker Case was decided."

All prior adjudications of the court having any bearing upon the question are analyzed and discussed in that case. These are: Tucker v. Carlin, supra; Benedict v. Holmes, supra; Breaux, Fenner & Hall v. Francke, 30 La.Ann. 336; Delpit v. Young, 52 La.Ann. 1071, 27 So. 583; Purser & Magruder v. Baientolila, 152 La. 716, 94 So. 366, 25 A.L.R. 348.

The Gosserand case was by a divided court remanded for trial on its merits. It was again before the Supreme Court (164 La. 397, 113 So. 889, 890). What was formerly said in the case was reaffirmed with only one dissent. The court then tersely expresses the rule in this language:

"That the defendant, the husband, is liable upon a quantum meruit for a reasonable fee to plaintiff, as attorney for the wife in the separation suit, notwithstanding the community was not dissolved, must be accepted as the settled law of the case."

This pronouncement has been since consistently followed. It is now well imbedded in the State's jurisprudence. See: Spiller v. Spiller, 170 La. 813, 129 So. 212;

Starns v. Starns, 176 La. 610, 146 So. 165; Hughes v. Hughes, 177 La. 785, 149 So. 455.

The latest case on the subject is Tullis v. Calhoun, 184 La. 207, 165 So. 714, 715. The court, affirming our own judgment in the case (Tullis v. Calhoun, La.App., 161 So. 619), in passing, said:

"The main question at issue in the present suit is whether or not the husband, or the community of which he is head and master, can be held liable for the fees of counsel employed by the wife in a suit brought by her for divorce or separation from bed and board, and if so, the amount of such fee on quantum meruit.

"This court has repeatedly held that, although the wife has been unsuccessful in her suit, and therefore is not entitled to recover the fee in her own name, since she cannot sue the husband during the community to recover a debt, her attorneys may recover a fee against the husband on a quantum meruit in a suit brought by her against her husband for divorce or separation from bed and board."

Therefore, it is now well settled that a successful termination of the wife's suit for divorce or separation from bed and board is not indispensable to the husband's responsibility for payment of a reasonable fee due her attorney for services rendered by him in her behalf.

In some of the cases cited, it is said that to hold the husband responsible for the wife's counsel fee, her suit must have been filed and prosecuted in good faith. This would seem elemental to such a right. In none of the cases is the wife's good faith controverted.

In the case at bar, because the courts experienced no difficulty in arriving at the conclusion that Mrs. Henderson had failed to prove the allegations of her petition in the separation suit, it is argued that she was not in good faith in bringing and prosecuting the suit to final judgment. The Supreme Court stated that the allegations of her petition were sufficient to warrant the decree asked for, had a preponderance of the proof sustained them.

She consulted her counsel, plaintiff herein, many times prior to filing the case, and gave to him the facts upon which the petition was based. He was of the opinion and so advised her, that the case could be won. Some of the witnesses, he says, were not as positive in their testimony given in court as they were in discussing the facts with him. The adverse judgment of the Supreme Court did not convince him of error in his original opinion.

We have read the testimony given by Mrs. Henderson in her suit and are impressed with her sincerity. We perceive of no element of bad faith on her part, nor on the part of her counsel. Good faith in prosecuting a suit, as is true in contracts, is always presumed. This rule finds strong application in cases having for their purpose a dissolution of the marriage tie with all of its far reaching effects.

We are advised in brief of plaintiff herein that no reconciliation has occurred between the Hendersons, but, on the contrary, a new suit for absolute divorce has been filed by her, presumably under Act No. 430 of 1938, giving that right when spouses live separate and apart for two years.

The separation case required parts of two days for trial. An array of witnesses were examined. Plaintiff briefed the case in the trial and Supreme Courts. He also applied for a rehearing in the Supreme Court and filed supporting brief. It appears that he rendered the maximum of service to be expected in such a case. After due consideration of all pertinent factors, we are of the opinion that $500 will adequately compensate plaintiff for his services and that this amount is a reasonable fee for such services. The rule laid down in Breaux, Fenner & Hall, supra, is followed. It says:

"In fixing the compensation for the professional services of a lawyer in any particular case, there are two considerations which will determine the judgment of this court. One is the amount and character of the work done, and the other is the ability of the debtor to pay."

Therefore, the judgment appealed from is amended by reducing the amount thereof to $500, and as amended, it is affirmed with costs.