REGAN, Judge.
Plaintiff, George O’Dowd, an attorney, instituted this suit against the defendant, Mrs. Margaret S. McNeill, endeavoring to recover the sum of $500, as a fee for professional services rendered by him to the date that the relationship of attorney and client was mutually terminated, in conformity with the terms of a written agreement dated March 18, 1954.
Defendant pleaded the exception of mis-joinder of parties [1] defendant and simultaneously answered, in conformity with the rules of the First City Court, conceding that she signed the agreement but denied that she was liable for payment of the amount thereof since she was a married woman both when the services were performed and when the agreement was entered into; and that in the divorce proceedings she did not receive any settlement from the community of acquets and gains; in the alternative, defendant asserted that the plaintiff partially performed his agreement and therefore he is entitled to remuneration only on a quantum meruit basis.
From a judgment in favor of the plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that plaintiff is a practicing attorney who in the summer of 1953 was retained by the defendant to secure a separation from her husband. The usual suit was instituted, and thereafter plaintiff rendered professional services until March 18, 1954, when the relationship of attorney and client was terminated by mutual consent. Plaintiff then prepared a letter which was signed by the defendant providing for the payment of a fee of $500 for services rendered to the date of the letter.
The letter reads:
“18 March 1954
“Dear Mr. ODowd
“I, Margaret S. McNeill agree to the following fee arrangement with yourself, George O’Dowd, Attorney at law.
“That in consideration for the legal services rendered by you in my behalf in the suit filed against J. David Mc-Neill relative to my obtaining a legal separation I agree to pay you the sum of $500.00, which monies is to be paid or discharged in the following manner, to-wit:
*757 “1. Out of any community settlement between myself and my husband J. David McNeill, same to be determined at the time of rendition of separation decree.
“2. If it be determined that no community exists upon which to pay said fee, the (sic) I agree to pay said sum at the rate of $25.00 per month until paid, or in a lump sum at the end of three years, whichever be more advantageous to myself.”
“Yours very truly,
“(s) Margaret S. McNeill”
It is conceded that when the professional ■services were rendered by the plaintiff to ■the defendant which form the subject matter of this suit, she was a married woman and she was still married when the foregoing letter was addressed to the plaintiff by .the defendant.
Defendant refused to pay plaintiff in conformity with her agreement, hence this suit.
Plaintiff contends that the defendant is •individually liable for this community debt .since the proof is clear and convincing that it was her intention and purpose to be■come personally responsible therefor as is ■evidenced by the foregoing letter.
Defendant on the other hand insists that her attorney’s fees which emanated from the suit for separation from bed and board •or divorce must be defrayed from the community and must be paid by the husband .as head and master thereof.
The trial judge rendered judgment in favor of plaintiff and therefore concluded that the defendant was individually liable for her attorney’s fees which emanated from the institution of a suit for separation from bed and board.
The only question posed for our consideration under the facts of this case is whether the defendant could personally obligate herself for a community obligation of this character.
It appears to be well settled as a general rule that attorney’s fees incurred by the wife in prosecuting a suit for separation of bed and board or divorce are an obligation of the community whether she is successful in the proceedings or not.[2] However, the above general rule does not preclude a wife, or more specifically the defendant herein, from contracting or obligating herself and her property for the benefit of her husband or the community existing between them.[3]
We have observed heretofore[4] that in order to hold a wife individually liable for a community debt, proof must be clear and convincing that it was her intention to become personally liable therefor. It would, indeed, be difficult to produce proof more clear or more convincing of an intent to bind herself individually for a community debt than revealed by the letter in which the defendant bound herself individually to pay plaintiff for professional services rendered to her.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The trial court referred this exception to the merits of the case.

. Gosserand v. Monteleone, 1927, 159 La. 316, 105 So. 356, 42 A.L.R. 310; See Tanner v. Tanner, 1956, 229 La. 399, 407, 86 So.2d 80, 83.

. “Married women may obligate themselves personally in any form, or dispose .of or hypothecate their property, as security or otherwise, for the benefit of their husbands or of the community between them and their husbands.” LSA-R.S. 9:103.

. Rouchon v. Rocamora, La.App.1956, 84 So.2d 873.