Motion to Dismiss for Want of Jurisdiction.
BREAUX, C. J
This motion relates exclusively to the Arcadia Cotton Oil Mill.
. The ground for dismissal in this case is that plaintiff’s claim is less than $2,000, and that this court has no jurisdiction on appeal to hear and determine the matters in dispute as to the plaintiff.
The amount of the main demand is controlling as relates to jurisdiction without regard to pleas in reconvention, whether allowed or not in the court of the first instance.
The appeal must be dismissed from this court and transferred to the Court of Appeal.
The causes were tried together and considered together only for the purpose of the trial, and the issues in the two cases were separate and distinct.
Separate judgments were signed, and the issues as to plaintiffs were always kept distinct.
Strictly, under the Code of Practice, the causes could not be consolidated.
“At the request of one of the parties, the same may be consolidated if from their nature they may be compensated in order that they may all be decided by one single judgment.”
Jurisdiction was 'not conferred on this court by the effect of the joint trial.
The required oath for the transfer to the Court of Appeal has been made and is filed 'here.
It is therefore ordered, adjudged, and decreed that the said cause is dismissed from this court and transferred to the Court of Appeal, Second Circuit, state of Louisiana, to be there proceeded with as if it had been originally appealed to the proper court; costs of appeal to be paid by appellant.
Motion to Dismiss.
Plaintiff brought this suit to recover from defendant the sum of $5,000, interest, and fee of attorney on a note for that sum signed by defendant as maker, secured by mortgage on the property of defendant described in plaintiff’s petition.
The following is the consideration of this note as we gather:
In the year 1905 plaintiff agreed to open a line of credit for $5,000 for the defendant, thus enabling him to carry on the business in which he was engaged, which consisted *1079 mainly of buying and selling cotton, and in conducting a country store business.
Plaintiff averred that defendant received the full sum of the credit promised.
This note was secured by mortgage on 120 acres of hill land; also on a small vineyard.
The plaintiff averred that the property described in the mortgage deed is not sufficient in value by $2,500 to pay this mortgage note, and that the defendant had other property.
Plaintiff asked for and obtained a writ of attachment directed against defendant.
The usual allegations were made for this attachment of intention on the part of defendant to sell or dispose of his property with intent to defraud his creditor.
Some time after the property had been attached and seized, defendant filed a rule to have the seizure reduced as excessive. In accordance with an order on this rule, experts were appointed to appraise the property.
The return of these experts to the court shows that defendant’s property to the amount of $20,560 was seized and attached. This property consisted of immovable and movable property.
The defendant owned two stores; one at Doyline and the other at Selbey. The stocks and property of the defendant in these stores were attached as well as other property.
As relates to the amount for which plaintiff brought suit, there is a difference of about $500; the defendant’s contention being that the amount is about $4,500, instead of $5,000 claimed by plaintiffs. Of this later.
Going back to a time before this suit was filed, it appears that the defendant was not very successful in business. He met with vicissitudes to which commercial activity is exposed.
Motions by defendant:
Three motions were filed in this court:
One to dismiss the case of the Arcadia Cotton Oil Mill for want of jurisdiction, together with an application to have the case transferred to the circuit court.
This ground for dismissing the appeal has already been decided. It came up twice in the way that the record was made up, which has led to noting it here again.
The point presented for dismissing the case has already been considered and decided above. The Arcadia Cotton Oil Case was transferred.
The second motion to dismiss the appeal was presented on the ground that the transcript of appeal is incomplete; that documents were not copied in the transcript that should have been copied, and others are copied that should not have been copied; further that the index is in many respects incorrect.
The last or third motion was to have the judgment remanded on the main demand reduced.
This last motion or ground will be considered in due time.
We take up the ground of incompleteness of the record, the second of appellee’s grounds above noted.
There is some cause for complaint.
The record is not as complete as it should be. None the less, we have carefully examined the documents, and have arrived at the conclusion that the issues can be decided ; that there is sufficient of the pleadings and the evidence before us to enable us to render judgment. If it should be shown on the rehearing that error has been committed owing to its incompleteness, it will then be time enough to order the ease to be remanded.
We found no difficulty in arriving at the conclusion that the defendant’s counsel states in the brief that it is not possible to determine whether the seizure had ever been reduced in the present condition of the record. This relates to the property attached and seized.
It appears that a motion was made by defendant to reduce this seizure. An appraisement was made of the property seized and *1081 attached; but it nowhere appears that the seizure was reduced, though the appraisement was made for that purpose.
The seizure was not reduced as excessive, for the defendant, eight months after the attachment had been levied, furnished bond to obtain possession of the property. It is not mentioned in the appraisement, nor in the bond, that the seizure had been reduced. It •does not appear that the court ordered that the property seized be reduced as excessive.
From the foregoing it is evident that, in so far as the complaint of defendant just stated goes, it affords no ground for dismissal, because the record is not prejudicially incomplete as to him.
Again, the defendant urged that the papers of a suit before the justice of the peace court are not in evidence.
It appears that sufficient of the papers had been copied to show that the defendant in that suit in answer pleaded in reconvention In the sum of $100, which the plaintiffs claim operates to conclude or estop the defendant from claiming over that sum for damages in the present suit.
The defendant is not estopped nor concluded; for he alleged that he was entitled to larger damages, and reserved the right in his answer to claim them in a court of competent jurisdiction. Here, again, it is evident that the defendant is not prejudiced by the absence of the copies of the papers of the •suit before mentioned.
And, again, in the plea in bar the defendant urged that it cannot very well be sustained without other documents offered in evidence.
The bearing of the missing papers on the plea in bar is not shown.
We may as well state here that as relates to res judicata, urged in the plea in bar just mentioned, we are not inclined to give to the judgment of the federal court, dismissing the proceedings in bankruptcy in that court, the effect of res judicata.
The record disclosed that, after a writ of attachment had been issued in the Arcadia Cotton Oil Company Case against Fisher, creditors instituted involuntary bankruptcy proceedings against him in the federal court. A receiver was appointed. Fisher, the defendant filed answer, and alleged his solvency. Upon showing made by him, he was found solvent, and the proceedings in bankruptcy were dismissed.
The judgment of the federal court did not pass upon any of the facts now here at issue, except the one fact of insolvency. That he (Fisher) was solvent is not of itself a reason why a writ of attachment should not have issued against him; so as to that one question, even if it proves that he was solvent when the attachment issued, it would not have the effect of defeating it.
Insolvency of the debtor is not a sine qua non. 3 Am. & Efng. Ency. of Law (2d Ed.) pp. 201, 202.
The issue here is: Did the defendant intend to fraudulently do away with this property?
The judgment of the federal court does not pass upon the facts bearing upon the issues of the case here. Even if all the papers were before us mentioned by defendant’s counsel, they would not change the conclusion above expressed.
Moreover, we have determined to dissolve and set aside the attachment for reasons hereafter stated, so that from any point the missing document is not on that account cause to dismiss.
For that reason, we must decline to dismiss the appeal on the ground of missing documents. The motion to dismiss is overruled. Before leaving this point, we state that, after the proceeding in bankruptcy before the federal court had been dismissed, the Arcadia Oil Company sued out a writ of attachment in the suit, the title of which is given above, and a short time thereafter *1083 plaintiff, Silbernagel Company, sued out tbeir attachment.