### No. 11,243

### Orleans

### BREENAN v. CAMPBELL, Appellant

(January 30, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Appeal—Par. 318, 319.**
An order of appeal is without effect unless the appeal bond is filed within the time within which an appeal can be taken.

2. **Louisiana Digest—Appeal—Par. 318, 319, 325, 326.**
In the absence of such timely filing the Court will dismiss the appeal on its own motion.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by B. F. Breenan against Miss Mona Campbell.

There was judgment for plaintiff and defendant appealed.

Appeal dismissed.

Arthur Leopold, of New Orleans, attorney for plaintiff, appellee.

H. C. Huckabee, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The plaintiff is a real estate broker. He sued for a commission and on November 3, 1927, obtained a judgment by default against the defendant for $196. The judgment was signed the same day.

The defendant was cited at domicile; notice of judgment was served upon her also at domicile on November 4, 1927. On November 15th she applied for a new trial which was refused for coming too late. On the same day she applied for and obtained an order for an appeal, and filed a bond of $300 on November 22, 1927.

In this Court the plaintiff and appellee moves to dismiss the appeal on the ground that defendant did not file the appeal bond until November 22, 1927, more than ten

days, excluding Sundays, having elapsed from the date of the rendition and signing of said judgment and service of notice on defendant.

Act 128 of 1921, page 332, regulating the practice in the City Courts of the City of New Orleans under Section 90 of the Constitution of 1921, provides that:

"Appeals shall be allowed, and be returnable to the Court of Appeals, within ten days, exclusive of Sundays, from the rendition of judgment on giving bond according to law, in a sum exceeding by one half the amount of money judgments, in case of suspensive appeal, and in a sum to be fixed by the judge in case of devolutive appeal and other than money judgments."

. This language means not only that the application for the appeal must be made within ten days, but also that the bond required by law must be filed within the same delay. This has been the jurisprudence applicable to appeals from judgments rendered by District Courts. In the case of Lafayette vs. Farr, 162 La. 385, (387) 110 So. 624, the Court said:

"The obtaining of an order of appeal within the time prescribed is not availing without the bond required by the order of appeal. It is not necessary that the citation to answer the appeal shall be served within the time prescribed by law for taking an appeal, but the order of appeal, being subject to the condition that the appellant shall furnish a bond for the amount either fixed in the order or required by law, remains in abeyance and without effect until the bond is filed. Therefore an appeal is not deemed taken within the time prescribed by law for taking an appeal unless the bond required by the order of appeal is filed within the time prescribed." Quoting 17 lines of authorities."

The Court proceeds to decide that following the jurisprudence established in Untereiner vs. Miller, 29 La. Ann. 435, they must notice the absence of the timely filing of the bond and "dismiss the appeal on the Court's own motion."