(125 So. 628)

No. 28382.

## POMES v. BURGLASS et al.

Dec. 2, 1929. Rehearing Denied Jan. 6, 1930.

*(Syllabus by Editorial Staff.)*

Edward Rightor, of New Orleans, for appellants.

Spearing & Mabry and Charles J. McCabe, all of New Orleans, for appellee.

BRUNOT, J. This is a suit for $10,000, the fee charged by the plaintiff for professional services rendered, as the attorney of Mrs. Anna Mullen Burglass, in a suit, coupled with an injunction pendente lite, which was filed by her against her husband for an absolute divorce, on statutory grounds. There was judgment for the plaintiff, and the defendants appealed.

Condonation vel non was the sole defense to the divorce suit. Pending the rendition of a judgment in that suit on the merits, a reconciliation of the parties was effected, and the suit was dismissed.

The record does not contain a single pleading or issue requiring the exercise of any greater legal ability than might be expected

of any reasonably competent lawyer. It is also made to appear that the plaintiff did not participate in the preliminaries which resulted in the reconciliation of the parties, nor did he advise or counsel the reconciliation.

The plaintiff contends that his fee is reasonable, because he counseled and advised the notary during the taking of the inventory of the community property, and because his client, Mrs. Burglass, annoyed him and consumed portions of his time every day from the inception of the suit to its dismissal, by personal calls at his office or telephone calls wherever he might be at the moment. What subjects were discussed at these visits and over the telephone is not definitely stated, but we gather that they related to the inventory of the community property, and to the plaintiff's avoidance of acts which might be urged in support of the defense of condonation. The defendants are wealthy. Their community of acquêts and gains is valued at, approximately, $500,000. On the trial of the case plaintiff called two reputable lawyers as witnesses to prove the reasonableness of his fee. These lawyers base their testimony upon their opinion that a reasonable fee for the service performed would be a percentage of the value of the community assets. They liken the fee charged in this case to fees fixed upon a percentage basis in probate, or in the proceedings had in the administration of intestate or vacant successions.

This court has never applied that rule in assessing the quantum of attorney's fees in suits of this character. In the divorce suit of Benedict v. Holmes, 104 La. 528, 29 So. 256, the value of the community property was $36,000. In the recently decided case of Gosserand v. Monteleone, 164 La. 397, 113 So. 889, the value of the community was approximately $62,000. These cases are, in many respects, similar to the case before us, and in both of the cited cases the court fixed the fee of the attorney of the plaintiff (wife) at $1,000, basing the fee upon a quantum meruit, rather than upon a percentage of the value of the community. We think the rule laid down in the cases cited is not only equitable, but it is sound in reason and law, and should be adhered to. Applying that rule to the facts of this case, we think that, under all of the facts shown, the judgment of the district court in favor of the plaintiff and against the defendants for $10,-392.50 is excessive, and that said sum should be reduced to $1,892.50, said allowance consisting of two items, viz. $1,500, which sum we find to be a reasonable and just fee for the services rendered by the plaintiff, as the attorney of Mrs. Burglass in her suit for divorce, and $392.50 expended by him, for the account of Mrs. Burglass, in the prosecution of that suit. There being a substantial change in the judgment favorable to appellants, the appellee must pay the costs of the appeal.

For these reasons it is decreed that the principal sum of the judgment appealed from be reduced from $10,392.50 to $1,892.50, and, as thus amended, that the judgment be affirmed, at appellee's cost.

O'NIELL, C. J., is of the opinion that the reduction made, of the judgment appealed from, is too great, considering the responsibility of the attorney in a case like this, where his client's share in the community estate is approximately $250,000.