## SCRUGGS v. CORY.

### No. 1223.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

B. & M. Purser, of Amite, for appellant.

Ellis, Ellis & Ellis, of Amite, for appellee.

ELLIOTT, Judge.

Marilyn Scruggs, alleging herself to be the owner and the holder of a promissory note for $350, signed by Alex Cory, brought suit against Cory on the ground of nonpayment when due. Cory for answer admits signing the note, but denies that plaintiff is the bona fide holder thereof before maturity for value. He prays that her demand be refused and rejected. He urges against her a demand in reconvention for $360, and prays for judgment accordingly. There was judgment in favor of the defendant rejecting plaintiff's demand against him as in case of nonsuit, and also judgment rejecting defendant's demand in reconvention against the plaintiff as in case of nonsuit. The plaintiff appealed. .

Defendant has not made any appearance in this court by brief or otherwise. The plaintiff has filed with us a brief bearing only the typewritten signature of her attorneys in which we are informed that through no fault or neglect on her part the record is not complete. She states in her brief that the trial was completed in the lower court and the case submitted to the judge and judgment rendered as shown by the record, that she took an appeal and gave bond, but after only part of the testimony had been transcribed the shorthand notes of the stenographer as to the balance of the testimony was lost and cannot be found after due search. Plaintiff's statement in the brief is supported by the record, to the extent that the note of testimony appears to be and is evidently incomplete. The record shows that she moved in the lower court to have the testimony that was lost reproduced, and the case was fixed for hearing on that subject, but defendant appeared and upon representing to the court that the case was pending on appeal in this court the court struck out the assignment. In view of the statement in the brief and the record showing, if we had before us a motion to remand for the purpose stated, duly signed by the plaintiff or her attorneys, supported by the affidavit of the stenographer who took the testimony and the clerk of court, there would be no difficulty on our part about remanding the case for the purpose stated in order to protect plaintiff's rights on appeal; but as it is we feel that we have no right ex officio to order the remand in the absence of a proper demand therefor, and supporting affidavits by the stenographer and clerk of court.

The transcript bears a certificate by the deputy clerk that "the foregoing is the original record with all documents filed and min-

utes of court," etc., but it is plain that we have not before us all the testimony that was heard in the lower court, and in such a situation we cannot review the appeal. The provisions of Act No. 234 of 1932 do not appear to afford any remedy. There is no motion to dismiss. The lower court heard all the evidence and is presumed to have decided the case correctly. It seems that we have no recourse except to affirm the judgment appealed from.

Judgment affirmed; plaintiff-appellant to pay the cost in both courts.