## TULLIS v. CALHOUN.
### No. 5074.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

**4. Divorce ⊜197**

Means of husband must be considered in fixing attorney's fees for wife's attorney where a reconciliation is effected.

---

G. P. Bullis, of Vidalia, for appellant.

Hugh Tullis, of Vidalia, for appellee.

DREW, Judge.

Plaintiff instituted this suit upon a quantum meruit against J. Lee Calhoun to recover a fee for services rendered defendant's wife in filing suit for divorce, and, in the alternative, for separation from bed and board from said defendant. In the suit of Mrs. Calhoun against her husband, J. Lee Calhoun, it was alleged upon information furnished counsel, plaintiff herein, by Mrs. Calhoun, that her husband was guilty of adultery with a certain named young woman at his home. No specific date was alleged.

The petition further alleged that J. Lee Calhoun ordered his wife to pack her clothes and leave; that she was compelled to leave the matrimonial domicile; that she was penniless and was forced to seek shelter at her father's home, where she was residing when the suit for divorce was filed. She further alleged specific acts of cruelty and physical assault upon her by her husband on one occasion after she had left the matrimonial domicile, when she was stopped by her said husband and dragged from a car in which she was riding with a female friend. She prayed for alimony in the sum of $100 per month during the pendency of the suit, and after judgment for divorce, for alimony not to exceed one-third of her said husband's income. She further prayed that her husband be ordered to appear and show cause why he should not be condemned to pay alimony in the amount of $100 per month during the pendency of the suit.

That suit was filed on November 19, 1934, and defendant ordered to show cause, as prayed for, on the 27th of November, 1934, on which date he came into court and, for answer to the rule, alleged that there had been a reconciliation between him and his wife, and that she was then living with him in his home. The attorney for Mrs. Calhoun was informed by her father of the correctness of this answer and of Mrs. Calhoun's desire to dismiss the suit, which was done at plaintiff's cost.

The present suit for attorney's fee was thereupon filed by counsel for Mrs. Calhoun, in which he alleged that he has practiced his profession for 52 years and enjoys the reputa-

tion of being a capable attorney, which is admitted in the answer. He alleged the employment by Mrs. Calhoun and that the petition filed for her set forth the charges made by her against her husband as she had related them to him, and that he believed, and had reason to believe, all of the charges therein made were true; and had not the reconciliation taken place, the charges would have been proved and judgment granted to Mrs. Calhoun. Plaintiff further alleged that he believed the filing of the suit was the efficient cause for said reconciliation. He alleged that a community of property existed between J. Lee Calhoun and his wife. He further alleged that no fee was paid to him for filing the suit and no fee agreed upon by him and Mrs. Calhoun, but that his services were well worth the sum of $500. Plaintiff further alleged that J. Lee Calhoun was a man of large means, owning a large amount of property, both movable and immovable. He prayed for judgment accordingly.

Defendant filed an exception of no cause of action, which was overruled. He then answered, admitting the suit had been filed, but denying that Mrs. Calhoun had employed plaintiff to file it. He further admitted that he is a man of large means and owns a large amount of property, but denied that the community was solvent; denied all other material allegations of the petition and averred that the disagreement between him and his wife was a slight one, not sufficient to entitle either to a separation or divorce; that in temporary impatience his wife called on plaintiff to secure for her a separate maintenance; and that the temporary difficulty soon ended and Mrs. Calhoun returned to her home. He further averred that plaintiff made no attempt to bring about a reconciliation, but promptly filed suit without adequate investigation; and that the filing of the suit did not assist in bringing about the reconciliation. Defendant further alleged a vindictive hatred by plaintiff against him, and further, that it is contrary to public policy for him to have to pay plaintiff for plaintiff's unsuccessful attempt to destroy his home.

On these issues the case was tried, resulting in a judgment for plaintiff in the sum of $200, from which judgment defendant prosecutes this appeal.

■ The exception of no cause of action is based upon the allegation of defendant that the petition of plaintiff does not allege that the allegations made in the suit of Mrs. Calhoun against her husband were true and could be proved in court. The petition alleged that the former petition contained the allegations and charges, as related to plaintiff herein by Mrs. Calhoun, and that plaintiff had reason to believe they were true and could and would have been proved, had the reconciliation not taken place. There is no merit in the exception, and it was properly overruled.

Although the evidence heard on the merits cannot be considered in passing on the exception, we might add that the testimony reluctantly given by Mrs. Calhoun to a great extent proved the allegations of the original petition, or, to say the least, that she related to plaintiff in his office on separate occasions all the charges made by plaintiff in preparing the petition in her suit against her husband, and she admitted the employment of plaintiff by her, and that she secured and advanced the cost of $10 to file the suit.

All of the evidence set out in the answer can be summed up and answered in one question, as follows:

■ Is a lawyer employed by a wife to bring suit against her husband for a divorce or separation from bed and board, upon grounds laid down in the Civil Code of this state (Civ. Code, arts. 138, 139), entitled to recover his fee under a quantum meruit against the husband, after the case has been settled and dismissed by a reconciliation of the parties?

This question has been decided in the affirmative numerous times by the Supreme Court of this state. Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Spiller v. Spiller, 170 La. 813, 129 So. 212; Starns v. Starns, 176 La. 610, 146 So. 165.

Plaintiff is therefore clearly entitled to recover, and the only remaining question is the amount.

■ Defendant complains that the amount awarded is excessive. The only testimony as to the value of the services comes from Judge Dale, who was familiar with the entire case, and who fixed a proper fee in the amount of $200. The record discloses that plaintiff had several conferences with Mrs. Calhoun prior to the filing of the suit. He prepared the petition and the order for rule, and was willing and ready to carry the case to a successful conclusion, according to his testimony. Defendant is admitted to be a man of large means and fully able to pay a reasonable fee, which must always be taken into consideration. In the case of Adams v. Simon (La. App.) 144 So. 73, a similar case, in which the lawyer for the wife did not perform a great deal more services than did plaintiff in this case, and in which the defendant was found to be a man with a moderate income and lit-

tle or no property, the court awarded attorney's fees under a quantum meruit of $350. We see no reason to disturb the judgment of the lower court.

Appellee filed a motion to dismiss the appeal for the reason that the minutes of the court show the motion and order of appeal were not signed by the district judge. We think the motion to dismiss is entirely without merit, and, due to the disposition we have made of the case on the merits, we will refrain from any discussion of the motion to dismiss, other than to overrule it.

The judgment of the lower court is affirmed, with costs.