## BRYAN v. STIRLING.

### No. 1654.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

J. H. Percy, Jr., of Baton Rouge, for plaintiff.

Harris M. English, of Baton Rouge, for defendant.

DORE, Judge.

Plaintiff and defendant were divorced by a judgment of court on the 11th day of January, 1935. The plaintiff, the former wife of defendant, but now remarried, sues for a partition of the community property, consisting of some immovable and a small amount of movable property. The plaintiff alleged that all of the community property was not divisible in kind and asked for a partition by licitation, and that the property be sold at public auction on terms of credit, one-fourth cash and the balance in three annual installments with 8 per cent. interest, the balance to be secured by vendor's privilege and special mortgage. The defendant answered admitting most of the allegations of plaintiff's original and supplemental petitions, but alleged that all

of the property should be sold for cash, to the highest bidder. He further alleged that he had incurred an obligation to his attorney in the divorce suit for attorney's fees in the sum of $1,200 which he averred was a debt of the community, and he asked that this amount, together with some taxes paid by him on the property, be paid out of the proceeds of the sale of the property before a division was made of the remainder. The attorney also filed an intervention in the suit and asked that he be paid these attorney's fees out of the proceeds of the property by preference and priority over all other claims except costs.

In her petition plaintiff prayed for an allowance of $100 out of the mass as fees for her attorneys in the partition suit.

The judgment decreed a partition of the property by ordering certain parts of the property be sold at public auction and the proceeds of the sale divided between plaintiff and defendant, and decreeing a partition of the other part of the property in kind. The claim of the plaintiff for $100 attorney's fees to be paid out of the mass was denied; and it was further ordered that the attorney for defendant in the divorce suit be paid the sum of $250 out of the cash funds of the community.

■■ Plaintiff obtained an order of appeal from this judgment on the same day that it was signed. The defendant and his attorney both obtained an order of appeal on the same day but in separate orders. According to the record, plaintiff has never perfected her appeal by filing an appeal bond, nor has she answered the appeal of defendant and his attorney praying for an amendment of the judgment in this court. As the plaintiff has failed to perfect her appeal by filing an appeal bond, the order of appeal as to her is without effect, and this court cannot consider her appeal from the judgment. Breenan v. Campbell, 7 La.App. 583; Genco v. Union Berry & Truck Ass'n (La.App.) 166 So. 888; White v. Fifth Regular Baptist Church, 31 La.Ann. 521. As the plaintiff is not before this court on her appeal from the judgment, it follows that the judgment in so far as it rejected her claim for $100 for fees of the attorneys in bringing this partition suit cannot be changed or amended, even though we found the judgment erroneous on that point.

The defendant and Mr. J. H. Percy, Jr., the attorney who filed the intervention for $1,200 attorney's fees, both perfected their appeal by filing an appeal bond. From the briefs filed on behalf of these appellants, we understand that their main complaint against the judgment is the refusal of the trial judge to allow more than $250 for the fees of the attorney for representing the defendant in the divorce suit. It is not clear from the judgment whether the trial judge allowed the $250 attorney's fees on the intervention of Mr. Percy, or whether he allowed this amount on the claim of the defendant in his answer to have this fee adjudged a community debt and paid out of the community funds. However, we do not consider that point very material, as the effect will be the same regardless of which one of the claims was sustained as both claimants have appealed.

■ The attorney's fees charged the defendant husband by Mr. Percy in the divorce suit is a debt of the community and must be paid out of the community assets in a settlement of the community between the divorced spouses. Vicknair v. Terracina, 168 La. 417, 122 So. 276. The defendant had a right to have this debt decreed a community obligation in this partition proceeding.

■ The only remaining question is as to the amount of the fee. The record of the divorce proceedings together with an extract of the minutes in that proceeding is before us on this appeal. It appears from this record that the divorce suit was a rather hotly contested and protracted suit. The value of the community property is less than $2,000. While the amount of the fee for services of this kind cannot be fixed altogether on the ability of the client to pay, yet that is a vital consideration in determining the amount of fee to be paid. Manifestly, a fee which consumed more than one-half of the community assets would be out of proportion.

It appears from the briefs filed that testimony was offered in the lower court tending to show the value of these attorney's fees, but this testimony is missing from the record filed in this court. Ordinarily, in the absence of the testimony from the record, necessary for a decision of the case, this court would either dismiss the appeal or affirm the judgment. United States Fidelity & Guaranty Co. v. Houlton, 11 La.App. 303, 123 So. 415; Scruggs v. Cory (La.App.) 149 So. 902. But if there is sufficient evidence in the record on which to decide the issues presented on appeal, the appellate court will

502

consider the appeal and decide the controverted point. Arcadia Cotton Oil Mill & Mfg. Co. v. Fisher, 120 La. 1076, 46 So. 28. As the entire record of the divorce suit and the inventory showing the value of the community are before us on the appeal, we will decide this one and only point left on appeal.

Considering that all of the services given by this attorney were under the observance of the trial judge, and that he was in better position to judge the value thereof, it is therefore our opinion that the amount allowed is about as much as this small community can afford to pay, and that the judgment of the lower court is not manifestly erroneous.

Judgment affirmed.