## BENTON et al. v. LOSAVIO.

### No. 1755.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

Landry & Landry, of Baton Rouge, for appellant.

Fred G. Benton, in pro. per., and Carlos G. Spaht, both of Baton Rouge, for appellees.

OTT, Judge.

The suit is for attorneys' fees in the sum of $1,000, which plaintiffs, Fred G. Benton and Carlos G. Spaht, seek to recover from the defendant for legal services rendered defendant's wife in a separation suit brought by her against the defendant, her husband. Judgment was rendered below for the full amount claimed, less a credit of $169. The defendant has appealed.

The separation suit was filed by defendant's wife against him on December 3, 1935. The wife prayed for alimony in the sum of $150 per month pending the suit, and alleged in her petition that she had incurred an attorneys' fee of $1,000 in the prosecution of her suit. A rule for alimony issued against defendant, who appeared and filed an exception to the separation suit and to the rule for alimony. This exception was argued by counsel and overruled by the court. An answer was filed to the rule for alimony, and the rule was taken up and tried, the trial consuming about a day, and the testimony taken on the rule covering some 80 pages. A petition for a writ of subpoena duces tecum was filed by the attorneys for the wife in order to compel defendant to produce certain documents in court tending to show the income of the defendant.

The rule for alimony was tried in connection with another exception filed by defendant setting up an alleged reconciliation between the parties. After the testimony taken on the rule was transcribed and filed, the case was argued by counsel, and briefs submitted to the trial court, and that court maintained the rule and granted the wife alimony pending the suit in the sum of $50 per month.

The separation suit was put at issue and went to trial. The trial of the case consumed three days, and it appears from the transcript of evidence taken on the trial that both of the attorneys who are plaintiffs in this case participated in the trial.

The testimony covers some 247 pages, and it appears that other testimony was taken later in Plaquemine which consumed about a half day. The case was argued and briefs submitted, whereupon the trial court rendered judgment in favor of the defendant, dismissing the suit of the wife. Her attorneys obtained and perfected an appeal to the Supreme Court. After the transcript was filed in the Supreme Court, the attorneys for defendant's wife filed a rule against him for contempt for failure to pay the alimony. The parties then became reconciled, and, on motion of her counsel, the wife's appeal was dismissed in the Supreme Court. This suit for their fees was then filed by plaintiffs here against their client's husband.

Since the decision in the case of Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310, it has become well established in the jurisprudence of this state that, where a wife in good faith sues her husband for separation from bed and board, and after a judgment awarding alimony, the parties become reconciled and the action thereby terminates, the husband as the head of the community is liable for the fees of the counsel who represented the wife in the suit. Defendant's counsel concede this liability of the husband, but they contend that the amount allowed is too large.

The value of the services for attorneys' fees in the wife's suit against her husband for a separation must be based on a quantum meruit, and not on any agreement of the wife with her attorneys fixing these fees. Gosserand v. Monteleone, 164 La. 397, 113 So. 889. These fees are not fixed on any percentage of the value of the community property, but must be arrived at in each particular case on the basis of the amount of work involved, the ability of the defendant to pay, the value of the community interest involved, as well as the nature and circumstances of the particular case. Pomes v. Burglass, 169 La. 591, 125 So. 628; Adams v. Simon (La. App.) 144 So. 73; Tullis v. Calhoun (La. App.) 161 So. 619.

Counsel for defendant cite the case of Bryan v. Stirling, 170 So. 500, recently decided by this court, as holding that the value of the community is a vital consideration in fixing the fees of counsel for the wife as a community debt. We there held that a fee which consumed more than half of the assets of the dissolved community was manifestly out of proportion. We did not hold that the value of the community was the sole and only factor to be considered in such cases, but only one factor, which in that case was vital.

The defendant has separate property consisting of his ownership of practically all the stock of the Losavio Realty Company, Inc. This corporation was assessed with property for the year 1936 in the sum of $31,150. The defendant controls this corporation, manages its affairs, and collects and expends its revenues in the same manner as though the property belonged to him individually. While the testimony is not clear on the point, it appears that defendant derives considerable revenue from the properties of this corporation, and also has some other income from interest on notes. We think the record justifies the conclusion that the income received by the defendant from his separate property is not less than four or five thousand dollars per year. These revenues are about the only community property belonging to the community existing between defendant and his present wife. Both had been previously married.

The case was rather hotly contested; many conferences were had between plaintiffs and their client during the pendency of the separation suit; the litigants, as is usual in such cases, had considerable personal feeling in the case, and the defendant's wife was rather impatient and unreasonable in her attitude. These circumstances make cases of this kind more difficult and more disagreeable for a lawyer to handle.

Mr. Herman Moyse, an experienced and reputable attorney practicing at the Baton Rouge Bar, was called by plaintiffs to fix the value of their fees in the separation suit. Mr. Moyse thought that a fee of $500 to $750 for services in the lower court would be reasonable, with an additional charge of not less than $250 in case of an appeal. He therefore fixed, as his estimate of the fee for the work in the case, from $750 to $1,000. We think this is a fair and reasonable estimate. While an appeal was perfected, the case never came up for hearing on the appeal. We think this should be taken into consideration, and the minimum figure accepted instead of the maximum allowed by the trial court.

No complaint is made in this court by plaintiffs to the credit allowance of $169, and we assume this credit to be correct, as no motion to amend the judgment has been filed in this court.

For the reasons assigned, it is ordered that the judgment appealed from be, and the same is hereby, amended by reducing the award for attorneys fees from $1,000 to $750, and, as thus amended, the judgment is affirmed; plaintiffs-appellees to pay the cost of the appeal.