McBRIDE, Judge.
Plaintiffs, attorneys at law, sued defendant under a quantum meruit for their fee for representing his wife in a suit she brought against him for a separation from bed and board, which terminated upon their reconciliation, and also for the amount of court costs advanced to the wife. Defendant has appealed from the judgment rendered by the court below in favor of plaintiffs for $278.50.
Defendant, who made no appearance and was unrepresented at the trial below, contends that the fixing of the case for trial was irregular because no motion to place on the call docket had been made in accordance with the rules of the Civil District Court for the Parish of Orleans. The rules of said court were not offered in evidence, and as they are not before us, we are not familiar with the provisions with reference to setting down cases for trial. Counsel says a motion to place on the call docket was necessary after the case had, when first called, been continued indefinitely, but even if this step was requisite, it appears that plaintiffs did comply with the rule, if such existed, as a motion to place on the call docket was made subsequent to the indefinite postponement and the case was restored to the call docket. When called for trial the next time, the matter was continued to a specified date on which the hearing was held. The judgment is not null for the reason assigned by appellant.
The jurisprudence of this state is well established to the effect that an attorney employed by the wife to bring suit against her husband for a divorce or separation from bed and board is entitled to recover his fee under a quantum meruit from the husband after the case has been settled by a reconciliation of the parties. Starns v. Starns, 176 La. 610, 146 So. 165; Spiller v. Spiller, 170 La. 813, 129 So. 212; Pomes v. Burglass, 169 La. 591, 125 So. 628; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310; Benton v. Losavio, La.App., 176 So. 676; Tullis v. Calhoun, La.App., 161 So. 619.
The trial judge awarded plaintiffs a fee of $250 which appellant complains is excessive and should be reduced. The services rendered to defendant’s wife consisted of preparing and filing the suit and obtaining a restraining order prohibiting the husband from disposing of any community assets; one appearance in court in connection with the rule for alimony; and the collection of alimony from the husband on several occasions and the transmittal of same to the wife. There were also three office consultations.
We cannot view as excessive the allowance of the fee. In the case of Adams v. Simon, La.App., 144 So. 73, decided by this court in 1932, the services rendered by the attorney to the wife were almost identical with those rendered by the attorneys in the instant case. We approved an attorney’s fee of $350. In the course of our opinion we said:
“The question of the value of a lawyer’s services is not always easy to estimate, and is a subject concerning which there might be honest difference of opinion, and one which we approach with an appreciation of its delicacy. Results obtained, financial condition of client, ability of counsel, are factors to be considered in reaching a conclusion concerning the value of legal services. Plaintiff is a reputable lawyer of high standing at this bar, and his services are in consonance *5 with the best practices of the profession. Defendant, vicariously liable for a debt incurred by his wife, is a man of moderate income and with little or no property. Under all the circumstances, we believe the amount awarded, by our brother below to be fair and reasonable.”
The judgment appealed from is affirmed.
Affirmed.