281 So.2d 189 (1973)
Succession of George E. BUTLER.
No. 5607.
Court of Appeal of Louisiana, Fourth Circuit.
July 17, 1973.
Rehearing Denied August 21, 1973.
Writ Granted October 19, 1973.
*190 Tucker & Schonekas, Charles A. O'Niell, Jr., New Orleans, for plaintiff-appellee.
Flanders & Flanders, Dudley D. Flanders, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
Defendant-appellants, Succession of George E. Butler and Mrs. Irene C. Butler, bring this appeal from a judgment ordering them to pay plaintiff-appellee, the law firm of Tucker & Schonekas, $25,000.00 in attorney's fees for services rendered in representing Mrs. Butler in a suit for separation from bed and board and dissolution of community against George E. Butler, since deceased. Appellants contend that this award, based on quantum meruit, is excessive. On the other hand appellee contends that the award should be increased to $71,915.95. Appellee bases this contention on a written contract, subsequently lost, entered into between appellee and Mrs. Irene C. Butler prior to filing of suit for separation from bed and board, in which appellee was to receive as an attorney's fee 10% of the property recovered by her upon dissolution of the community of acquets and gains.
The suit for separation from bed and board was filed in September of 1964. Mr. Butler died in September of 1969 while the suit was still pending. During this period of time Mr. Gibson Tucker of Tucker & Schonekas rendered his service to protect Mrs. Butler's property interest.
The first question facing the court is whether the 10% contingency fee contract between plaintiff-appellee and defendant-appellant should be upheld or whether the attorney's fee should be based on quantum meruit.
The trial court found that the written contract had been lost and that the wording thereof could not be ascertained. However considering the basic provisions of the contract alleged by appellee, we are of the opinion that the contingency fee contract proposed here should have no effect as it is contrary to public policy. According to the evidence presented by appellee the contract in question was entered into prior to filing the separation suit, and called for plaintiff-appellee's representation of Mrs. Butler in a suit for separation and dissolution of community to be on a 10% contingency fee on any and all asserts recovered for Mrs. Butler from the community of acquets and gains which existed between Mrs. Butler and Mr. Butler, and with neither Mrs. Butler nor her attorney to have the right to settle or compromise any interest in the property proceedings without the consent of the other.
We feel that this type of arrangement puts the attorney in the position of a party at interest with power to control the filing and prosecution of the separation suit. Because the rights of married parties to contract with each other for settlement are vitally affected by the existence of a judgment of separation, a decision to reconcile, prior to or during suit for separation, could defeat the contingency contract. Similarly, without a judgment of separation, there could be no judgment of dissolution of community. The contingency contract would require the wife to obtain permission of her attorney to reconcile with her husband and stop further proceedings.
Our jurisprudence is to the effect that a contract whose object is to terminate a marriage is against public policy and void, and that the law of Louisiana favors every attempt to reconcile estranged couples. See Meyer v. Howard, 136 So.2d 805 (La.App. 4th Cir., 1962); McMahon v. Hardin et al., 10 La.App. 416, 121 So.2d 678 (1929).
Appellees alternatively plea that irrespective of the recognition of the contract, their fee should be fixed at 10% of the wife's share of the community. The *191 appellees seek not only attorney's fees against Mrs. Butler, but against the community itself. Our jurisprudence has consistently held that in suits of this character the fee is based upon quantum meruit, rather than upon a percentage of the value of the community. Pomes v. Burglass, 169 La. 591, 125 So. 628 (1930); Benton v. Losavio, 176 So. 676 (La.App. 1st Cir., 1937).
We are therefore of the opinion that an award based on quantum meruit is just and proper in the present situation. It is defendant-appellants' contention that the quantum meruit award of $25,000 was excessive. They contend that the attorney at most spent only a total of 87 hours on this case. Without considering the correctness of such a computation of time, we do not consider time alone to be a controlling factor. Wegmann v. Suggs, 147 So.2d 263 (La.App. 4th Cir., 1962). In Gallagher v. Gallagher, La., 190 So.2d 916 (La.App.2nd Cir., 1966), the court stated that the factors which must be weighed in making a determination of the fee to be allowed to an attorney for institution and prosecution of an action for separation include the degree of responsibility incurred, the importance of the litigation, the nature and extent of work performed and the legal knowledge, attainments, and skill of counsel. We have held in Succession of Gilmore, La.App., 239 So.2d 462 (La.App. 4th Cir., 1960):
"Applicable to all cases is the rule that in estimating the value of the attorney's services consideration is given to the responsibility incurred, the extent and character of the work performed, the importance of the questions presented, the amount involved, the success attained and the legal knowledge, attainments and skill of counsel."
See also McGovern v. Gilbert, 127 So.2d 93 (La.App. 4th Cir., 1961).
After having considered the criteria outlined in the cases cited above, we find that the $25,000 award made by the trial court is excessive. This determination should in no way be interpreted to demean the efforts of plaintiff-appellee law firm. On the contrary it appears from the record that counsel worked diligently to preserve the interests of his client. Mr. Tucker testified that he did not keep precise logs of all work done, but was able to reconstruct from his files substantially what was done. He testified that in connection with this case he had 79 telephone calls, outgoing and incoming; 37 telephone conferences; 6 office conferences; 3 out of office conferences; 9 court appearances; 70 items of correspondence, outgoing and incoming and 17 pleadings filed. (Evidence Document T-54). Mrs. Butler was not a witness in the case because of medical reasons.
Mr. Tucker is a well experienced, able attorney. At the filing of the suit he obtained an injunction to preserve the community assets and thereafter worked out arrangements with accountants and with opposing counsel to allow continued operation of the closely-held corporations, which comprised a substantial part of the assets. Over the next five years he had the responsibility of protecting his client's interest in a very large community of acquets and gains involving an operating transfer and storage business and periodically rendered advice on commercial matters of substantial importance. He negotiated a consent alimony judgment and a subsequent increase, Mrs. Butler collecting alimony in the total amount of over $93,000.
Nevertheless, it should be noted that the community of acquets and gains which existed between Mr. and Mrs. Butler was not terminated by a judgment of separation but by the death of Mr. Butler. The separation suit was never prosecuted, in accordance with Mrs. Butler's wishes. There were no issues contested in court as all orders or judgments concerning this matter were signed ex-parte or by consent of both parties.
*192 The relationship between client and attorney was cordial, and the parties to the litigation had no animosity toward each other. Full disclosure of all assets were made, although Mr. Tucker contends that his vigilance was largely responsible for this relationship. Mr. Butler left his estate to his son born of Mrs. Butler, and the Succession of Mr. Butler is proceeding amicably with the Succession attorney handling all matters.
The task of evaluating the fees for legal services rendered by an attorney to his client is a matter of great delicacy, and a court in fixing them must be guided by a conscientious estimate of their value. We are of the opinion that the fee should be fixed at the sum of $12,000.00, plus the costs advanced, with credit for the sum of $1,500.00 previously paid on account.
Accordingly, it is ordered that the judgment appealed is amended and reduced, and there is now judgment rendered in favor of plaintiff-appellee and against defendant-appellants, in solido, in the sum of $12,000.00, subject to credit of $1,500.00 previously paid. In all other respects the judgment is affirmed.
Costs of this appeal to be shared equally.
Amended and affirmed.